UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PORT MARINA, INC.　　　　　)
and LESLIE S. RAY INSURANCE　　　　)
AGENCY, INC.,　　　　　　　　　　)　　　Civil Action No.:_____
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiffs,　　)　**05** )**10883 WGY**
　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
ACADIA INSURANCE COMPANY,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendant　　　)
　　　　　　　　　　　　　　　　　)

## AFFIDAVIT OF MARSHALL J. TINKLE

Marshall J. Tinkle, first being duly sworn, deposes and says as follows:

1. I have been retained as counsel for Defendant, Acadia Insurance Company, in the civil action captioned *Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency, Inc. v. Acadia Insurance Company*, Docket No. 05 CV 1157 BLS 2 (Judge Burnes), pending in the Suffolk County Superior Court of the Commonwealth of Massachusetts.

2. A copy of the Docket Sheet in the above-captioned matter was obtained at my direction on April 27, 2005 and is attached hereto as Exhibit A.

3. Attached hereto as Exhibit B are accurate copies of the Plaintiffs' Complaint, Summons, Civil Cover Sheet, and Notice of Acceptance into Business Litigation Session, which are the only documents docketed in the state court proceedings before removal to this Court.

4. The duplicate record reflects every action taken in this matter by the state court prior to removal.

Dated: April _28_, 2005.

_____
Marshall J. Tinkle

STATE OF MAINE
CUMBERLAND, ss
                                        April _28_, 2005

Personally appeared the above-named Marshall J. Tinkle and made oath that the foregoing Affidavit is true, based on his knowledge, information and belief.

Before me,

_____ , Karen Belton
Notary Public, State of Maine
My commission expires 08/26/06

## CERTIFICATE OF SERVICE

I, Marshall J. Tinkle, Esq., hereby certify that on April 28, 2005, I caused a true copy of the within AFFIDAVIT OF MARSHALL J. TINKLE to be mailed by First Class Mail, postage prepaid, to William D. Chapman, Esq. and Stephen D. Eldridge, Esq. of the firm of Melick, Porter & Shea, LLP, 28 State Street, Boston, MA 02100, attorneys for Plaintiffs, Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency.

_____
Marshall J. Tinkle, Esq.

TOMPKINS, CLOUGH, HIRSHON & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME 04112-5060
(207) 874-6700

**EXHIBIT A**

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

EXHIBIT A

## SUCV2005-01157
### Beverly Port Marina Inc et al v Acadia Ins Co

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 03/24/2005 | **Status** | Needs review for service (acneserv) | | |
| **Status Date** | 03/24/2005 | **Session** | BLS2 - CtRm 1017, 3 Pemberton Square, Boston | | |
| **Origin** | 1 | **Case Type** | BK1 - Other complex commercial claims | | |
| **Lead Case** | | **Track** | B | | |

| | | | |
|---|---|---|---|
| **Service** | **Answer** | | **Rule12/19/20** |
| **Rule 15** | **Discovery** | | **Rule 56** |
| **Final PTC** | **Disposition** | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Beverly Port Marina Inc
Active 03/24/2005

**Private Counsel** 551261
William D Chapman
Melick Porter & Shea LLP
28 State Street
22nd Floor
Boston, MA 02109-1775
Phone: 617-523-6200
Fax: 617-523-8130
Active 03/24/2005 Notify

**Plaintiff**
Leslie's Ray Ins Agency Inc
Active 03/24/2005

**Defendant**
Acadia Ins Co
Service pending 03/24/2005

I HEREBY ATTEST AND CERTIFY ON
APRIL 27, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
ASSISTANT CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/24/2005 | 1.0 | Complaint (Business) |
| 03/24/2005 | | Origin 1, Type BK1, Track B. |
| 03/24/2005 | 2.0 | Civil action cover sheet filed |
| 04/01/2005 | 3.0 | ORDER reL Notice of Acceptance into the Business Litigation Session |
| | | (Allan van Gestel, Justice) (entered 3/28/05) notice sent 3/30/05 |

### EVENTS

**EXHIBIT B**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
CIVIL ACTION
NO.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| | \* |
| BEVERLY PORT MARINA, INC., and | \* |
| LESLIE S. RAY INSURANCE | \* |
| AGENCY, INC., | \* |
|    plaintiffs, | \* |
| | \* |
| v. | \* |
| | \* |
| ACADIA INSURANCE COMPANY | \* |
|   defendant | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT OF THE PLAINTIFFS, BEVERLY PORT MARINA, INC. and LESLIE S. RAY INSURANCE AGENCY, INC. AGAINST THE DEFENDANT, ACADIA INSURANCE COMPANY

NOW COME the plaintiffs, Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency, Inc., and set forth their Complaint against the defendant, Acadia Insurance Company, as follows:

PARTIES

1.    The plaintiff, Beverly Port Marina, Inc. ("BPM"), is a corporation existing under and by virtue of the laws of the Commonwealth of Massachusetts with a principal place of business at 43 Water Street, Beverly, Essex County, Massachusetts.

2.      The plaintiff, Leslie S. Ray Insurance Agency, Inc. ("LRIA"), is a corporation

existing under and by virtue of the laws of the Commonwealth of Massachusetts with a

principal place of business at 129 Dodge Street, Beverly, Essex County, Massachusetts.

3.      The defendant, Acadia Insurance Company ("Acadia"), is authorized and licensed

to transact the business of an insurance company in this Commonwealth. Acadia is

domiciled in the State of Maine and has a principal place of business at One Acadia

Commons, Westbrook, Maine.

VENUE

4.      Venue is proper in this Court pursuant to Superior Court Admin. Dir. 03-1.

FACTS

5.      This action arises out of serious injuries, including but not limited to paraplegia,

which were sustained by the Defendant, Carlos Johnson ("Johnson"), in waters off Boston

Harbor on October 1, 2001.

6.      On or about October 30, 2001, Johnson filed suit against BPM in the Superior

Court of Essex County, Massachusetts, Docket Number ESCV2001-02037, alleging , *inter*

*alia*, that he was lawfully aboard and operating a vessel owned by BPM as a potential

purchaser of the vessel and/or as an agent or employee of BPM at the time of the alleged

injury.

7.      In or about May of 2000, Acadia issued a one-year renewable Marina Operator's

Legal Liability Boat Dealer's Policy (Policy No. MOA 0061540-11) ("Policy") to BPM,

through the Leslie S. Ray Insurance Agency, Inc. ("LRIA"). The Policy was renewed in

May of 2001 for a period of one year. The renewal policy was in effect at the time of

Johnson's accident on October 1, 2001. Insofar as LRIA obtained these policies for BPM at the request of BPM, LRIA owed a duty to BPM to use reasonable care in the performance of that agency.

8.    At all relevant times, prior to, during and after Johnson's accident, LRIA and Acadia were parties to an "Agency Agreement".

9.    Under the Agency Agreement, Acadia granted LRIA the authority to, "solicit, receive, bind, execute, and transmit proposals for insurance contracts (including bonds)" to and for Acadia.

10.    The Agency Agreement further provides that Acadia "will be responsible for preparation of all policies, endorsements, renewals, and collection of all direct bill premiums."

11.    The Agency Agreement further provides that Acadia "shall defend and indemnify [LRIA] against liability, including reasonable cost of defense and settlements, imposed on it by law for damages caused by acts or omissions of [Acadia], provided [LRIA] has not caused or contributed to such liability by its own acts or omissions."

12.    At all relevant times, as the insured under a policy of insurance issued by Acadia and procured through LRIA, BPM was a third-party beneficiary of the Agency Agreement. As an insured which purchased Acadia insurance from an Acadia agent, BPM had a rightful and foreseeable expectation of Acadia performing its duties owed under the agency agreement. Further, it was reasonably foreseeable to Acadia that an insured such as BPM would be harmed by Acadia's failure to properly perform its obligations as the insurer under the Agency Agreement.

13.    On or about January 29, 2002, following the assertion of the Johnson claim against

BPM, Acadia filed suit in the United States District Court for the District of Massachusetts

("federal case") seeking a declaration that it had "no duty to defend and/or indemnify

[BPM] under [the Policy] in connection with claims of Johnson.."

14.    Prior to LRIA's appearance in the federal case, and before any significant discovery

had been taken on the insurance issues (including the production of LRIA's and Acadia's

underwriting files, and depositions of various LRIA employees), that court allowed, on or

about July 25, 2003, Acadia's Motion for Summary Judgment, holding, based on the

narrow issues raised up to that time, that coverage was not afforded by the written Acadia

policy relative to the claims against BPM by Johnson.

15.    Post-summary judgment discovery (which Acadia participated in, notwithstanding

the allowance of its summary judgment motion) reflected that at the time Acadia issued the

Policy, it knew or should have known that BPM was significantly involved in the sale of

boats to the public, and its business operations involved the test-driving of vessels by

prospective buyers and that BPM required liability coverage relative to this exposure.

16.    Acadia was negligent, and/or negligently misunderstood the existence and

availability of liability coverage to marinas like BPM relative to claims arising from

accidents such as the one involving Johnson.

17.    Acadia made material misrepresentations to LRIA with regard to the existence and

availability of liability coverage to marinas like BPM relative to claims arising from

accidents such as the one involving Johnson.

18.    Acadia knew or reasonably should have known that LRIA and BPM would reasonably rely on Acadia's representations with regard to marina insurance and that LRIA and BPM would be harmed if Acadia misrepresented that required liability coverage did not exist when, in fact, it did exist.

19.    Acadia knew or reasonably should have known that LRIA and BPM would reasonably rely on Acadia's superior experience and expertise as an underwriter of marine insurance policies and that LRIA and BPM would be harmed if Acadia was negligent with respect to the availability or significance of certain marine coverages which were applicable to BPM's business operations.

20.    Acadia was negligent with respect to its underwriting of the BPM policy, its handling of the Johnson claim, and with respect to marina and marine insurance in general.

21.    On or about March 31, 2004, Johnson settled all his claims for seven hundred and fifty thousand dollars ($750,000.00). Of that amount, three hundred and seventy five thousand dollars ($375,000.00) was paid by BPM and the remaining three hundred and seventy-five thousand dollars ($375,000.00) was paid on behalf of LRIA. LRIA and BPM each incurred significant legal expenses in connection with the Johnson claims. Prior to this settlement, Acadia was served with written notice of the proposed new claims against it, and was invited to participate in the Johnson settlement. Acadia declined to do so.

22.    Acadia's negligence, breaches, misrepresentations, and other actionable conduct proximately caused BPM and LRIA to sustain damages, including (a) having to face uninsured exposures relative to the Johnson claim, (b) the respective loss payments made

to Johnson, and (c) significant legal fees and expenses incurred by BPM and LRIA in connection with the various preceding actions.

## COUNT I
### BPM v. ACADIA
#### Third Party Beneficiary - Contract

23.    The plaintiffs repeat and reaver the allegations set forth in paragraphs 1-22 as if fully set forth herein.

24.    As the insured under a marine insurance policy issued by Acadia through its agent, LRIA, BPM was a third party beneficiary of the promises and duties owed by Acadia to LRIA. Acadia breached its Agency Agreement with LRIA by its actionable conduct outlined above. That breach proximately caused BPM to sustain damages.

WHEREFORE, BPM prays that this Honorable Court enter Judgment in its favor against Acadia for the full amount of BPM's damages, together with interest, costs, and attorneys fees.

## COUNT II
### BPM v. ACADIA
#### Third Party Beneficiary - Tort

25.    The plaintiffs repeat and reaver the allegations set forth in paragraphs 1-22 as if fully set forth herein.

26.    Acadia owed a duty to LRIA as its agent to use reasonable care in its communications with and representations to LRIA with regard to the nature and scope of available marine insurance, to underwrite the BPM risk with reasonable care, and to process and handle claims arising under the BPM policy with reasonable care.

27.    As the insured under a marine insurance policy issued by Acadia through its agent, LRIA, BPM was a third party beneficiary of the tort-based duties owed by Acadia to LRIA. Acadia breached these duties by its actionable conduct outlined above. Such breaches proximately caused BPM to sustain damages.

WHEREFORE, BPM prays that this Honorable Court enter Judgment in its favor against Acadia for the full amount of BPM's damages, together with interest, costs, and attorneys fees.

### COUNT III
### BPM v. ACADIA
### Negligence

28.    The plaintiffs repeat and reaver the allegations set forth in paragraphs 1-22 as if fully set forth herein.

29.    Acadia owed a duty to BPM as the insured to use reasonable care in its communications with and representations to BPM and/or its agents with regard to the nature and scope of available marine insurance, to underwrite the BPM risk with reasonable care, and to process and handle claims arising under the BPM policy with reasonable care.

30.    Acadia breached its duties owed to BPM by its actionable conduct outlined above. Such breaches proximately caused BPM to sustain damages.

WHEREFORE, BPM prays that this Honorable Court enter Judgment in its favor against Acadia for the full amount of BPM's damages, together with interest, costs, and attorneys fees.

## COUNT IV
### BPM v. ACADIA
Implied Covenant of Good Faith and Fair Dealing

31.    The parties repeat and reaver the allegations set forth in paragraphs 1-22 as if fully set forth herein.

32.    As the insurer which issued the referenced marine liability insurance policy to BPM, Acadia owed a duty of good faith and fair dealing to BPM incidental to the rights and responsibilities spelled out in the written contract.  This duty included but was not limited to the duty of acting as a reasonable and prudent insurer of marine insurance policies, of using reasonable care in its communications with and representations to BPM and/or its agents with regard to the nature and scope of available marina insurance, to underwrite the BPM risk with reasonable care, and to process and handle claims arising under the BPM policy with reasonable care.

33.    Acadia breached its duties owed to BPM by its actionable conduct outlined above. Such breaches proximately caused BPM to sustain damages.

WHEREFORE, BPM prays that this Honorable Court enter Judgment in its favor against Acadia for the full amount of BPM's damages, together with interest, costs, and attorneys fees.

## COUNT V
### BPM v. ACADIA
Negligent Misrepresentation

34.    The plaintiffs repeat and reaver the allegations set forth in paragraphs 1-22 as if fully set forth herein.

35.    Acadia negligently misrepresented the nature and scope of available marina

insurance to BPM, its agents, servants, and/or employees.  Such misrepresentations include

but are not limited to the misrepresentation that liability insurance did not exist and was

not available in the market to cover claims such as the Johnson claim.  BPM reasonably

relied on the misrepresentations of Acadia, to its detriment, and BPM sustained damages as

a result.

WHEREFORE, BPM prays that this Honorable Court enter Judgment in its favor

against Acadia for the full amount of BPM's damages, together with interest, costs, and

attorneys fees.

### COUNT VI
### BPM v. ACADIA
### Intentional Misrepresentation

36.    The plaintiffs repeat and reaver the allegations set forth in paragraphs 1-22 as if

fully set forth herein.

37.    Acadia intentionally misrepresented the nature and scope of available marina

insurance to BPM, its agents, servants, and/or employees.  Such misrepresentations include

but are not limited to the misrepresentation that liability insurance did not exist and was

not available in the market to cover claims such as the Johnson claim.  Acadia made such

misrepresentations in order to keep the BPM account and premium dollars, and to prevent

BPM from purchasing insurance through other insurers which did offer the required

coverage.  BPM reasonably relied on the misrepresentations of Acadia, to its detriment,

and BPM sustained damages as a result.

WHEREFORE, BPM prays that this Honorable Court enter Judgment in its favor against Acadia for the full amount of BPM's damages, together with interest, costs, and attorneys fees.

## COUNT VII
### BPM v. ACADIA
### Chapter 93A §§ 2 and 11

38.    The plaintiffs repeat and reaver the allegations set forth in paragraphs 1-37 as if fully set forth herein.

39.    By virtue of the foregoing actionable conduct, actions, inactions, errors, and omissions, Acadia violated Chapter 93A §2, and BPM sustained damages as a result.

40.    By virtue of the foregoing conduct, Acadia also violated G.L. c. 176D §3, including but not limited to the following subsections thereof: (1) - pertaining to misrepresentations as to the benefits, advantages, conditions, terms, nature, or effect of the insurance policy and/or the type of insurance at issue; (2) - pertaining to false information and advertising generally; (5) - pertaining to knowing false statements and entries of material fact in any book, report, or statement of any person, or knowingly omitting to make a true entry of material fact; (9) - relative to unfair claim settlement practices, including but not limited to (a) misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue, (d) refusing to pay claims without conducting a reasonable investigation based upon all available information; (11) - relative to misrepresentations in regard to insurance applications for the purpose of obtaining money or other benefit.

41.    BPM hereby asserts a claim against Acadia to recover its damages caused by all of the foregoing conduct, pursuant to G.L.c. 93A §11.

WHEREFORE, BPM prays that this Honorable Court enter Judgment in its favor against Acadia for the full amount of BPM's actual damages, together with interest, costs, attorneys fees, and an award of double or treble damages pursuant to §§ 2 and 11 of Chapter 93A.

### COUNT VIII
### LRIA v. ACADIA
### Breach of Contract

42.    The plaintiffs repeat and reaver the allegations set forth in paragraphs 1-22 as if fully set forth herein.

43.    Acadia breached its Agency Agreement with LRIA by its actionable conduct outlined above. That breach proximately caused LRIA to sustain damages.

WHEREFORE, LRIA prays that this Honorable Court enter Judgment in its favor against Acadia for the full amount of LRIA's damages, together with interest, costs, and attorneys fees.

### COUNT IX
### LRIA v. ACADIA
### Negligence

44.    The plaintiffs repeat and reaver the allegations set forth in paragraphs 1-22 as if fully set forth herein.

45.    Acadia owed a duty to LRIA as its agent to use reasonable care in its role as underwriter of marine insurance policies, in its communications with and representations to LRIA with regard to the nature and scope of available marine insurance, to underwrite the BPM risk with reasonable care, and to process and handle claims arising under the BPM policy with reasonable care.

46.     Acadia breached these duties and such breaches proximately caused LRIA to sustain damages.

WHEREFORE, LRIA prays that this Honorable Court enter Judgment in its favor against Acadia for the full amount of LRIA's damages, together with interest, costs, and attorneys fees.

### COUNT X
### LRIA v. ACADIA
Implied Covenant of Good Faith and Fair Dealing

47.     The plaintiffs repeat and reaver the allegations set forth in paragraphs 1-22 as if fully set forth herein.

48.     By virtue of its contractual relationship with LRIA, Acadia owed a duty of good faith and fair dealing to LRIA incidental to the rights and responsibilities spelled out in the Agency Agreement. This duty included but was not limited to the duty of using reasonable care in its role as underwriter of marine insurance policies, in its communications with and representations to LRIA with regard to the nature and scope of available marina insurance, to underwrite the BPM risk with reasonable care, and to process and handle claims arising under the BPM policy with reasonable care.

49.     Acadia breached its duties owed to LRIA by its actionable conduct outlined above. Such breaches proximately caused LRIA to sustain damages.

WHEREFORE, LRIA prays that this Honorable Court enter Judgment in its favor against Acadia for the full amount of LRIA's damages, together with interest, costs, and attorneys fees.

## COUNT XI
LRIA v. ACADIA
<u>Negligent Misrepresentation</u>

50.    The plaintiffs repeat and reaver the allegations set forth in paragraphs 1-22 as if fully set forth herein.

51.    Acadia negligently misrepresented the nature and scope of available marina insurance to LRIA.   Such misrepresentations include but are not limited to the misrepresentation that liability insurance did not exist and was not available in the market to cover claims such as the Johnson claim.   Furthermore, Acadia knew or should have known that such misrepresentation would keep LRIA from placing the BPM account with another insurer providing the required coverage.   LRIA reasonably relied on the misrepresentations of Acadia, to its detriment, and LRIA sustained damages as a result.

WHEREFORE, LRIA prays that this Honorable Court enter Judgment in its favor against Acadia for the full amount of LRIA's damages, together with interest, costs, and attorneys fees.

## COUNT XII
LRIA v. ACADIA
<u>Intentional Misrepresentation</u>

52.    The plaintiffs repeat and reaver the allegations set forth in paragraphs 1-22 as if fully set forth herein.

53.    Acadia intentionally misrepresented the nature and scope of available marina insurance to LRIA.  Such misrepresentations include but are not limited to the misrepresentation that liability insurance did not exist and was not available in the market to cover claims such as the Johnson claim.  Acadia made such misrepresentations in order

to keep the BPM account and premium dollars, and to prevent BPM from purchasing

insurance through other insurers which did offer the required coverage. LRIA reasonably

relied on the misrepresentations of Acadia, to its detriment, and LRIA sustained damages

as a result.

WHEREFORE, LRIA prays that this Honorable Court enter Judgment in its favor

against Acadia for the full amount of LRIA's damages, together with interest, costs, and

attorneys fees.

**COUNT XIII**
LRIA v. ACADIA
Chapter 93A §§ 2 and 11

54.    The plaintiffs repeat and reaver the allegations set forth in paragraphs 1-53 as if

fully set forth herein.

55.    By virtue of the foregoing actionable conduct, actions, inactions, errors, and

omissions, Acadia violated Chapter 93A §2, and LRIA sustained damages as a result.

56.    By virtue of the foregoing conduct, Acadia also violated G.L. c. 176D §3, including

but not limited to subsections:  (1) thereof, pertaining to misrepresentations as to the

benefits, advantages, conditions, terms, nature, or effect of the insurance policy and/or the

type of insurance at issue; (2) thereof, pertaining to false information and advertising

generally; (5) thereof, pertaining to knowing false statements and entries of material fact in

any book, report, or statement of any person, or knowingly omitting to make a true entry of

material fact; (9) thereof, relative to unfair claim settlement practices, including but not

limited to (a) misrepresenting pertinent facts or insurance policy provisions relating to

coverages at issue, (d) refusing to pay claims without conducting a reasonable investigation

based upon all available information; (11) thereof, relative to misrepresentations in regard to insurance applications for the purpose of obtaining money or other benefit.

57.    LRIA hereby asserts a claim against Acadia to recover its damages caused by all of the foregoing conduct, pursuant to G.L.c. 93A §11.

WHEREFORE, LRIA prays that this Honorable Court enter Judgment in its favor against Acadia for the full amount of LRIA's actual damages, together with interest, costs, attorneys fees, and an award of double or treble damages pursuant to §§ 2 and 11 of Chapter 93A.

JURY DEMAND:    The plaintiffs demand trial by jury on all counts so triable.

BEVERLY PORT MARINA, INC. and
LESLIE S. RAY INSURANCE AGENCY,
INC.
By its attorneys:

William D. Chapman, BBO# 551261
Stephen D. Eldridge, BBO# 651855
Melick, Porter & Shea, LLP
28 State Street
Boston MA 02109
(617) 523-6200

Date: 3/24/05

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) **B.L.S.** | Trial Court of Massachusetts Superior Court Department County: **SUFFOLK** |
|---|---|---|

| PLAINTIFF(S) Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency, Inc. | DEFENDANT(S) Acadia Insurance Company |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE William D. Chapman, Melick, Porter & Shea 28 State Street, Boston, MA 02109 Board of Bar Overseers number: 551261 | ATTORNEY (if known) Leonard Langer, 3 Canal Plaza, P.O. Box 15060, Portland, ME 04112 |
|---|---|

Origin Code

Original Complaint

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. BK1 | TYPE OF ACTION (specify) other commercial claim insurance | TRACK ( B ) * | IS THIS A JURY CASE? ( X )Yes ( ) No |
|---|---|---|---|

**The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.**

This action arises from the underwriting and issuance of a marina operator's insurance policy issued to the plaintiff, Beverly Port Marina, Inc. ("BPM"), by the defendant, Acadia Insurance Company ("Acadia"). BPM obtained the insurance policy through the co-plaintiff, Leslie S. Ray Insurance Agency, Inc. "LRIA"). After sustaining serious injuries while aboard and operating a vessel owned by BPM, Carlos Johnson made claims against BPM, Acadia and LRIA. The federal court ruled that the Acadia policy did not provide coverage for Mr. Johnson's claims. Thereafter, BPM and LRIA settled all of Johnson's claims for $750,000.00. Acadia declined to participate in that settlement. The plaintiffs now seek to recover their loss payments and legal fees from Acadia insofar as Acadia knew of BPM's uninsured exposure, knew or should have known that coverage was available, yet failed to disclose and/or misrepresented the availability of such coverage to BPM and LRIA in order to obtain BPM's premium, proximately causing the plaintiffs' damages.

This civil action involves claims by both plaintiffs for breach of contract (including third-party beneficiary claims), misrepresentation, breaches of the covenant of good faith and fair dealing, negligent underwriting of the insurance policy as well as claims pursuant to G.L. c. 93A. Accordingly, the plaintiffs respectfully suggest that this matter is appropriate for acceptance to the Business Litigation Session.

**\*A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.**

**PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT**

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 3/24/05

AOTC-6 mtc005-11/99 A.O.S.C.1-2000

| CIVIL ACTION COVER SHEET | DOCKET NO (S) **B.L.S.** | Trial Court of Massachusetts Superior Court Department County: SUFFOLK  |
|---|---|---|

| PLAINTIFF(S) Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency, Inc. | DEFENDANT(S) Acadia Insurance Company |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE William D. Chapman, Melick, Porter & Shea 28 State Street, Boston, MA 02109 Board of Bar Overseers number: 551261 | ATTORNEY (if known) Leonard Langer, 3 Canal Plaza, P.O. Box 15060, Portland, ME 04112 |

Origin Code

Original Complaint

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. BK1 | TYPE OF ACTION (specify) other commercial claim insurance | TRACK ( B ) | IS THIS A JURY CASE? ( X ) Yes    ( ) No |
|---|---|---|---|

**The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.**

This action arises from the underwriting and issuance of a marina operator's insurance policy issued to the plaintiff, Beverly Port Marina, Inc. ("BPM"), by the defendant, Acadia Insurance Company ("Acadia"). BPM obtained the insurance policy through the co-plaintiff, Leslie S. Ray Insurance Agency, Inc. "LRIA"). After sustaining serious injuries while aboard and operating a vessel owned by BPM, Carlos Johnson made claims against BPM, Acadia and LRIA. The federal court ruled that the Acadia policy did not provide coverage for Mr. Johnson's claims. Thereafter, BPM and LRIA settled all of Johnson's claims for $750,000.00. Acadia declined to participate in that settlement. The plaintiffs now seek to recover their loss payments and legal fees from Acadia insofar as Acadia knew of BPM's uninsured exposure, knew or should have known that coverage was available, yet failed to disclose and/or misrepresented the availability of such coverage to BPM and LRIA in order to obtain BPM's premium, proximately causing the plaintiffs' damages.

This civil action involves claims by both plaintiffs for breach of contract (including third-party beneficiary claims), misrepresentation, breaches of the covenant of good faith and fair dealing, negligent underwriting of the insurance policy as well as claims pursuant to G.L. c. 93A. Accordingly, the plaintiffs respectfully suggest that this matter is appropriate for acceptance to the Business Litigation Session.

**\*A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.**

**PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT**

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 3/24/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 05-1157 BLS2
(Judge Burnes)

BEVERLEY PORT MARINA, INC., et al.

vs.

ACADIA INSURANCE COMPANY

NOTICE OF ACCEPTANCE INTO
BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to Judge Nonnie S. Burnes.

Hereafter, as shown above, all parties must include the initials "BLS2" at the end of the docket number on all filings. Also, Judge Burnes's name must be included.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. Rule 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to Judge Burnes's Session Clerk, Suffolk Superior Court, 90 Devonshire Street, Boston, MA 02109 if before April 8, 2005, or thereafter at Three Pemberton Square, Boston, MA 02108..

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel to plan for the litigation and resolution of this matter. If possible, the Court requests counsel for the plaintiff(s) to confer with counsel for the defendant(s) and to suggest to the Court a range of dates available for all parties for this purpose and to include those dates in the notice. The Court, however, retains the discretion to schedule the hearing at a time that fits within its own schedule.

DATED:    March 28, 2005

Allan van Gestel, Presiding Justice
Business Litigation Session

notice sent 3/30/05
W.D.C.
M P S

(mm)

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION 05-1157 BLS2
(JUDGE BURNES)

No._____

BEVERLY PORT MARINA, INC. ET AL. ____ , Plaintiff(s)
_____

v.

ACADIA INSURANCE COMPANY
_____ , Defendant(s)

## SUMMONS

To the above-named Defendant: ACADIA INSURANCE COMPANY

    You are hereby summoned and required to serve upon___ WILLIAM D. CHAPMAN, ESQ.
MELICK, PORTER & SHEA, LLP _____

plaintiff's attorney, whose address is__ 28 STATE STREET, BOSTON, MA 02109 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    Witness, Suzanne V. DelVecchio, Esquire, at Boston, the___ THIRTEENTH _____ day of
APRIL _____, in the year of our Lord two thousand AND FIVE _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
    (1) TORT    (2) MOTOR VEHICLE TORT -- (3) CONTRACT    (4) EQUITABLE RELIEF -- (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.