UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEVERLY PORT MARINA, INC.<br>and LESLIE S. RAY INSURANCE<br>AGENCY, INC.,<br><br>                   Plaintiffs<br><br>   vs.<br><br>ACADIA INSURANCE COMPANY,<br><br>                   Defendant | )<br>)<br>)   Civil Action No. 1:05-cv-10883-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant Acadia Insurance Company, by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and answers Plaintiffs' Complaint, as modified by the Court's order granting in part Defendant's Motion to Dismiss, as follows:

      1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint and, therefore, denies same.

      2.     Defendant is without knowledge or information sufficient to form a belief as to the true of the allegations contained in paragraph 2 of Plaintiffs' Complaint and, therefore, denies same.

      3.     Defendant admits the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.      Paragraph 4 of Plaintiffs' Complaint states a conclusion of law to which no response is required. If a response is required, the same is hereby denied. Defendant further states that the allegation is moot.

5.      Defendant is without knowledge or information sufficient to form a belief as to the true of the allegations contained in paragraph 5 of Plaintiffs' Complaint and, therefore, denies same.

6.      Defendant admits that Carlos Johnson filed suit against BPM in the Superior Court of Essex County, Massachusetts, Docket No. ESCV2001-02037. Defendant further states that Carlos Johnson's Complaint speaks for itself.

7.      Defendant admits that in or about May of 2000, Acadia issued a one-year renewable Marina Operator's Legal Liability Boat Dealer's Policy (Policy No. MOA 0061540-11 to Beverly Port Marina, through the Leslie S. Ray Insurance Agency, Inc.; that the policy was renewed in May of 2001 for a period of one year; and, that the renewal policy was in effect at the time of Carlos Johnson's accident on October 1, 2001. The remaining allegations contained in paragraph 7 of Plaintiffs' Complaint state a legal conclusion and do not require a response. To the extent a response is required, Defendant denies the remaining allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.      Defendant admits the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.      In response to paragraph 9 of the Complaint, Defendant states that the Agency Agreement speaks for itself.

10.     In response to paragraph 10 of the Complaint, Defendant states that the Agency Agreement speaks for itself.

11. In response to paragraph 11 of the Complaint, Defendant states that the Agency Agreement speaks for itself.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Defendant admits the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. Defendant admits that on or about July 25, 2003, the Court allowed Acadia's Motion for Summary Judgment, holding that coverage was not afforded by the Acadia policy relative to the claims against Beverly Port Marina by Carlos Johnson. Defendant denies the remaining allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.     Defendant is without knowledge as to the settlement reached by and between Carlos Johnson and Beverly Port Marina and Leslie S. Ray Insurance Agency and therefore denies same.  Defendant admits that Leslie S. Ray Insurance Agency informally asserted certain claims against Defendant, requested Defendant to participate at an ADR conference and that Defendant declined; otherwise, Defendant denies the remaining allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

## COUNT I

Dismissed pursuant to Court Order dated July 8, 2005

## COUNT II

Dismissed pursuant to Court Order dated July 8, 2005

## COUNT III

BPM v. ACADIA
Negligence

28.     Defendant repeats and realleges its answers to Paragraphs 1 through 22, inclusive, of Plaintiffs' Complaint with the same force and effect as if more fully set forth herein.

29      Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

## COUNT IV

Dismissed pursuant to Court Order dated July 8, 2005.

## COUNT V

Dismissed pursuant to Court Order dated July 8, 2005.

## COUNT VI

Dismissed pursuant to Court Order dated July 8, 2005.

## COUNT VII

Dismissed pursuant to Court Order dated July 8, 2005.

## COUNT VIII
### LRIA v. ACADIA
#### Breach of Contract

42. Defendant repeats and realleges its answers to Paragraphs 1 through 22, inclusive, of Plaintiffs' Complaint with the same force and effect as if more fully set forth herein.

43. Defendant denies the allegations contained in paragraph 43 of Plaintiffs' Complaint.

## COUNT IX

### LRIA v. ACADIA
#### Negligence

44. Defendant repeats and realleges its answers to Paragraphs 1 through 22, inclusive, of Plaintiffs' Complaint with the same force and effect as if more fully set forth herein.

45. Defendant denies the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46. Defendant denies the allegations contained in paragraph 46 of Plaintiffs' Complaint.

**COUNT X**

Dismissed pursuant to Court Order dated July 8, 2005.

**COUNT XI**

Dismissed pursuant to Court Order dated July 8, 2005

**COUNT XII**

Dismissed pursuant to Court Order dated July 8, 2005

**COUNT XIII**

Dismissed pursuant to Court Order dated July 8, 2005.

WHEREFORE, Defendant Acadia Insurance Company respectfully requests that all remaining counts of Plaintiffs' Complaint be dismissed with prejudice and that Defendant be awarded its costs, including attorneys' fees, and such other and further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

NOW COMES Defendant Acadia Insurance Company, by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A. and for its Affirmative Defenses to Plaintiffs' Complaint states as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred by *res judicata*, claim preclusion, and/or merger and bar.

3. The Complaint is barred by the doctrine of issue preclusion and/or collateral estoppel.

      4.      Any damages sustained by Plaintiffs were the result of their own negligence, and therefore they are barred from any recovery. To the extent either Plaintiff is entitled to any recovery, such recovery must be reduced according to law.

      5.      The Complaint is barred by the applicable statute(s) of limitations.

      6.      Any damages sustained by Plaintiffs were the result of a legal intervening and/or superseding cause so as to relieve Defendant of any liability.

      7.      Plaintiffs have failed to mitigate their damages.

      8.      Upon information and belief, the settlement reached between Plaintiffs' and Carlos Johnson was unreasonable.

WHEREFORE, Defendant Acadia Insurance Company respectfully requests that all remaining counts of Plaintiffs' Complaint be dismissed with prejudice and that Defendant be awarded its costs, including attorneys' fees and such other and further relief as this Court deems just and proper.

Dated at Portland, Maine this 21st day of July, 2005.

                              ACADIA INSURANCE COMPANY

                              By its counsel:

                              /s/   Leonard W. Langer____

                              /s/   Marshall J. Tinkle____
                              BBO#565513

TOMPKINS, CLOUGH, HIRSHON & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME  04112-5060
(207) 874-6700

**CERTIFICATE OF SERVICE**

      I, Leonard W. Langer, hereby certify that on July 21, 2005, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send a notification of such filing(s) to the following: William D. Chapman, Esq., Melick, Porter & Shea, LLP, 28 State Street, Boston, MA 02109 counsel for Plaintiffs Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency.

                                            /s/ Leonard W. Langer_____

Acadia/BPM/LRIA
Acadia's Ans & Aff'm Def.