UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEVERLY PORT MARINA, INC. and LESLIE S. RAY INSURANCE AGENCY, INC., | ) ) ) |
| Plaintiffs | ) ) ) |
| vs. | ) ) |
| ACADIA INSURANCE COMPANY, | ) ) |
| Defendant | ) ) ) |

Civil Action No. 1:05-cv-10883-WGY

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY

NOW COMES Defendant, Acadia Insurance Company, by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and pursuant to Rule 7.1(B) and Rule 37.1(B), Local Rules of the United States District Court for the District of Massachusetts, submits the following memorandum in support of its Motion to Exclude Expert Testimony.

### DISCOVERY CONFERENCE

The parties conferred by telephone on September 20, 2005 for five minutes or less; and again on October 6, 2005 by telephone for five minutes or less. Counsel for Plaintiffs indicated that Plaintiffs' expert's report would be forthcoming, yet Plaintiffs still have not produced it. Defendant's counsel inquired about the delay by telephone message (never returned) on October 14, 2005.

## NATURE OF CASE

This matter arises out of a claim by Carlos Johnson for personal injury against Plaintiff Beverly Port Marina, Inc. ("BPM") and his subsequent claim against Leslie S. Ray Insurance Agency, Inc. ("LRIA") for negligent failure to procure adequate liability insurance for BPM. Defendant had issued certain policies of insurance to BPM at the request of LRIA. In Defendant's declaratory judgment action, *Acadia Insurance Company v. Beverly Port Marina, Inc. and Carlos Johnson v. Leslie S. Ray Insurance Agency, Inc.*, Docket No. 02-CV-10153-WGY, this Court held that Defendant had neither an express nor implied obligation to insure BPM against the claim of Carlos Johnson.

In the pending action, BPM and LRIA filed a thirteen-count complaint alleging, in essence, that though Defendant did not insure BPM against the risk associated with Mr. Johnson's claim, Defendant somehow *should have* insured BPM against that risk. The Court dismissed ten of those thirteen counts for failure to state a valid claim but allowed the remaining three counts to go forward. The matter has been ordered to be placed on the December 2005 trial list.

## PLAINTIFFS' EXPERT DISCLOSURE

Pursuant to the Court's Case Management Scheduling Order of July 21, 2005 (adopting the parties' Joint Case Management Proposal), Plaintiffs' expert disclosure was due by September 6, 2005. Defendant's expert disclosure was due by October 13, 2005, and discovery was to be completed by November 3, 2005.

Plaintiffs' expert disclosure, by correspondence dated September 7, 2005, is attached hereto as Exhibit A. The disclosure names Craig F. Stanovich as Plaintiffs'

expert witness; but the disclosure is not accompanied by any report. Rather, the disclosure simply states that "a copy of his report regarding will be produced upon its completion [sic]."

On the evening of October 17, 2005, Plaintiffs served their Preliminary Expert Disclosure, a copy of which is attached hereto as Exhibit B, once more naming Mr. Stanovich as their sole expert witness. Again, no report was included. Instead, the disclosure states in relevant part:

> Mr. Stanovich is expected to testify as to the respective roles and duties of the parties involved with the subject marine insurance policy which was issued by the insurer, the defendant Acadia Insurance Company, through its agent, Leslie S. Ray Insurance Agency, Inc., to the insured, the plaintiff, Beverly Port Marina, Inc. Mr. Stanovich is expected to testify as to the standards of care applicable to these parties in the context of the subject placement of the marine insurance policy, and the departure from the standard of care on the part of Acadia, with respect to both Leslie Ray and Beverly Port, in connection with its marketing of its marine insurance program, and its underwriting of the particular policy at issue in this case.

Plaintiffs have never produced Mr. Stanovich's report, despite repeated inquiries from Defendant. Nor have they otherwise provided a statement of Mr. Stanovich's opinions; the basis and reasons therefor; the data or other information considered by him in forming his opinions; and any exhibits to be used in support of his opinions – all of which are required to be set forth in the expert report. *See* F.R. Civ. P. 26(a)(2)(B). Their October 17, 2005 disclosure merely advises Defendant of the *topics* on which Mr. Stanovich is expected to provide opinions, but not what those opinions actually are.

## **DEFENDANT'S POSITION**

A purported disclosure of a retained expert witness which merely states that the expert's report will be produced at some unspecified time in the future patently violates

3

Rule 26(a)(2).  That rule clearly states that the disclosure of a retained expert "*shall ...* be accompanied by a written report prepared and signed by the witness."  F.R. Civ. P. 26(a)(2)(B) (emphasis supplied).  The rule further states:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; ... the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

*Id.*  None of this information has been provided.

The Federal Rules of Civil Procedure were amended in 1993 to provide that a party who without substantial justification fails to disclose information required by Rule 26(a) or Rule 26(e)(1) (concerning supplementation) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.  *See* F.R. Civ. P. 37(c)(1); *see also Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 19-20 (1st Cir. 2001).  The required sanction in the ordinary case is "mandatory exclusion" *see Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001), unless the party failing to make the timely disclosure can show that its failure was either harmless or justified.  *Wilson*, 250 F.3d at 21.

Here, the failure to provide any disclosure of Plaintiffs' expert's opinions or the bases thereof is manifestly prejudicial to Defendant.  This failure, coupled with Plaintiffs' failure to answer any of Defendant's interrogatories, has left Defendant completely in the dark as to what Plaintiffs' expert is going to testify to or why Plaintiffs believe Defendant had a duty to furnish coverage that had never been requested.  As a consequence,

4

Defendant has been unable to counter-designate an expert of its own within the prescribed deadline.

Moreover, Plaintiffs cannot possibly justify their dilatoriness. Plaintiffs' counsel first asserted claims against Defendant by letter dated February 11, 2004. On March 3, 2004, he advised that he would seek to assert cross-claims against Defendant "shortly." Nearly one year later, in February 2005, BPM and LRIA filed a joint motion to assert against Acadia claims substantially identical to those now being asserted. One would have assumed that by then Plaintiffs had obtained an expert report to support their claims. One would certainly have assumed that they would have obtained such a report by the time they commenced this action on March 24, 2005. Incredibly, seven months later, Plaintiffs still have not produced such a report.

Because Plaintiffs' violation of Rule 26(a)(2) clearly is not harmless or substantially justified, the sanction should be mandatory preclusion. *Primus v. United States*, 389 F.3d 231, 234 (1st Cir. 2004) (affirming this Court's preclusion order); *Klonoski v. Mahlav*, 156 F.3d 255, 269 (1st Cir. 1990); *Norris v. Murphy*, No. 00-12599-RBC, 2003 U. S. Dist. LEXIS 10795 (D. Mass. 2003); F.R. Civ. P. 37(c)(1). Hence, the Court should enter an order precluding Plaintiffs from introducing any expert testimony of Craig F. Stanovich or any other expert testimony. In the alternative, should the Court allow Mr. Stanovich to testify, Defendant respectfully requests leave to serve its expert

disclosure within a reasonable time after Plaintiffs produce his report.

Dated at Portland, Maine this 18th day of October, 2005.

>ACADIA INSURANCE COMPANY

>By its counsel:

>/s/   Leonard W. Langer

>/s/   Marshall J. Tinkle
>BBO#565513

TOMPKINS, CLOUGH, HIRSHON
  & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME  04112-5060
  (207) 874-6700

## CERTIFICATE OF SERVICE

I, Leonard W. Langer, hereby certify that on October 18, 2005, I electronically served the within document on William D. Chapman, Esq., Esq., Melick, Porter & Shea, LLP, 28 State Street, Boston, MA  02109 counsel for Plaintiffs Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency.

>/s/   Leonard W. Langer_____

Memo in support of Def's Motion to Exclude Expert Testimony

EXHIBIT A

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Gogunian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan E. Kures
Matthew Grygorcewicz
Margaret M. Carleen
Kerry D. Florio
Jessica M. Farrelly *(FL)
Stephen D. Eldridge
Johnathan P. Diggin
Debra I. Lerner *(DC & TX)
Joseph M. Alden *(NH & MD)
Alexandra Clark
Jeremy Y. Weltman
Erin J. M. Alarcon *(NH)
J. Paul Vance (CT Only)

Of Counsel
Thomas W. Porter, Jr
Robert R. Hamel, Jr.
Donna D. Convicer (CT only)

*Also Admitted

369 South Main Street
Providence, Rhode Island 02903
(401) 941-0909
Fax (401) 941-6269

77 Central Avenue
Waterbury, Connecticut 06702

65 Main Street
Plymouth, Massachusetts 02360
(508) 746-5976

September 7, 2005

**By Fax: 207.874.6705**

Leonard W. Langer
Tompkins, Clough, Hirshon & Langer, PA
Three Canal Plaza
P.O. Box 15060
Portland, ME 04112-5060

   Re: *Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency, Inc. v. Acadia Insurance Company*
     Civil Action: 05-10883 WGY

Dear Mr. Langer:

  Please be advised that the plaintiffs, Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency, Inc., intend to call the following expert witness at the trial of the above-referenced action:

Craig F. Stanovich, CPCU, CIC, AU
Austin & Stanovich Risk Managers, LLC
15 West Street, Suite 204
Douglas, MA 01516

  A copy of Mr. Stanovich's curriculum vitae is attached hereto and a copy of his report regarding will be produced upon its completion.

  Thank you for your attention to this matter. Please feel free to contact us if you have any question.

Very truly yours,

*Stephen Eldridge*

William D. Chapman
Stephen D. Eldridge

Enclosure
F:\122 Utica\Acadia v. Beverly Port Marina\Misc. Corresp\LT Langer 9.6.05.wpd



# AUSTIN & STANOVICH
### RISK MANAGERS LLC

**CRAIG F. STANOVICH, CPCU, CIC, AU**
<u>PRINCIPAL AND CONSULTANT</u>

## EMPLOYMENT HISTORY

***Austin & Stanovich Risk Managers, LLC***
Douglas, MA/Providence RI
May 2002 to Present

***Stanovich Risk Managers, LLC***
Holden, MA
January 2002 to May 2002

***Braley & Wellington Insurance Agency Corp.***
Worcester, MA

<u>Chief Operating Officer</u>
Manage all commercial insurance operations
January 2000 to December 31, 2001

<u>Vice President, Commercial Insurance</u>
November 1988 to January 2000

<u>Account Executive</u>
November 1986 to November 1988

***J.H. Albert International Insurance Advisors, Inc.***
Needham Heights, MA

<u>Assistant Vice President/Senior Consultant</u>
October 1985 to November 1986

<u>Assistant Vice President/Staff Consultant</u>
March 1984 to October 1985

<u>Insurance Analyst</u>
November 1983 to March 1984

***Hanover Insurance Company (Allmerica Insurance)***
Worcester, MA

<u>Senior Staff Underwriter – Commercial Casualty Supervisor</u>
July 1982 to November 1983

<u>Underwriter – Commercial Casualty</u>
September 1978 to July 1982

## Education

*Bridgewater State College*
Bachelor of Science-Education
June 1978

## Risk and Insurance Education

Certified Insurance Counselor Designation (CIC) -1995

Chartered Property and Casualty Underwriter designation (CPCU)-1987

Associate in Underwriting designation (AU)-1982

## Licenses

*Massachusetts Insurance Broker*
November 1987 to present

*Massachusetts Insurance Advisor*
April 1984 to present

## Selected Recent Speaking Engagements

*"Essentials of Legal Liability and the CGL Policy"*
Certified Insurance Counselors

Miami, FL – August, 2005
Albuquerque, NM – February, 2005
Costa Mesa, CA – October, 2004
Boise, ID – October, 2004
Omaha, NE – June, 2004
Mansfield, MA – March, 2004
Des Moines, IA – February, 2004
Jackson, MS – February, 2004

*"Business Auto, Umbrella, Workers' Compensation and Employment Practices Liability"*
Certified Insurance Counselors

New Orleans, LA – May, 2005
Dallas, TX – January, 2005
Chicago, IL – August, 2004
Portsmouth, NH – July, 2004
Macon, GA – June, 2004

James K. Ruble Seminars- Certified Insurance Counselors

Cambridge, MA – August, 2005 - *Legal Concepts for Insurance Professionals*
Falmouth, MA – June, 2005 – *Pollution Liability Coverage in ISO Policies*
Nashville, TN – February, 2005 – *Legal Concepts for Insurance Professionals*
Pittsburgh, PA – May, 2005 - *Pollution Liability Coverage in ISO Policies*
Baton Rouge, LA – October, 2004 - *Pollution Liability Coverage in ISO Policies*
Chicago, IL – August, 2004 - *Pollution Liability Coverage in ISO Policies*

## Insurance/Risk Management Organizations

*Expert Commentator – IRMI.com*
April 2002 to present

Member, *Massachusetts Risk and Insurance Management Society*
January 2002 to present

Member, *National Faculty, Society of Certified Insurance Counselors*
2000 to present

Member, *Massachusetts Society of Licensed Insurance Advisors*
1995 to present

Member, *Society of Certified Insurance Counselors*
1994 to present

Member, *Society of CPCU*
1987 to present

Board of Governors – Society of Certified Insurance Counselors
2005 to present

### Training/Instructor

Chartered Property and Casualty Underwriter
1987 to present

Massachusetts Association of Insurance Agents
1995 to present

### Publications

Books:

- Author – Commercial General Liability (Dearborn Financial Publishing, Inc. 2003)
- Co-author – Terrorism Coverage for Commercial Lines (Dearborn Financial Publishing, Inc. 2003)

Recent Articles:

- Faulty Work and the CGL (International Risk Management Institute 2005)
- CGL – Fire Legal (International Risk Management Institute 2005)
- Subrogation and Risk Management (Risk Management Magazine 2005)
- A Summary of the December, 2004 ISO Policy Changes (International Risk Management Institute 2004)
- How the Limits Apply in the CGL (International Risk Management Institute, Inc. 2004)
- Additional Insured Changes in the CGL (International Risk Management Institute, Inc. 2004)
- Duty to Defend in the CGL Policy (International Risk Management Institute, Inc. 2002)
- Contractual Liability (International Risk Management Institute, Inc. 2002)
- Auto v. Mobile Equipment in the CGL (International Risk Management Institute, Inc. 2003)
- The CGL Pollution Exclusion (International Risk Management Institute, Inc. 2003)
- Known Injury or Damage (International Risk Management Institute, Inc. 2003)
- Some Common Coverage Misconceptions of the CGL Policy (International Risk Management Institute, Inc. 2003)

Additional Articles Provided Upon Requested

### Previous Trial Testimony

- Superior Court of Suffolk County – 2000
- Superior Court of Bristol County – 2004

### Description of Cases Previously Handled Include:

- Questions of reasonable reliance by insurer on underwriting information
- Scope of Classification Limitation and Assault and Battery exclusion on CGL policy
- Scope of coverage provided for lead poisoning exclusion in Business Owners Policy
- Coverage analysis of property damage and business interruption loss caused by damage to utility servicing premises of insured
- The general duties of agents and brokers to their clients, their insurance companies, and to intended beneficiaries (lenders)
- Terms and conditions of premium "rate lock" agreement (Binding Arbitration)
- The extent of coverage provided by manuscript "errors and omissions clause" in a property policy as well as the meaning of "blanket limit"
- Status of an insured, named insured, and additional insured under a CGL policy
- Extent of pollution clean-up coverage provided by CGL policy
- Issues of rating and experience rating commercial automobile policies (Arbitration)
- Duty of agent to notify mortgagee of removal of interest (Federal Court)
- Standard and care of reasonably prudent insurance broker in preparing an application and Certificate of Insurance
- Material misrepresentation in commercial property insurance application (Florida)
- Meaning of Exclusions (m), j.(5), j.(6) and (k) and (l) in the CGL policy (Texas arbitration applying New Jersey Law)

### Contact:

Craig F. Stanovich, CPCU, CIC, AU
Austin & Stanovich Risk Managers LLC
15 West Street, Suite 204, Douglas, MA 01516
508-476-3347 (Phone) 508-476-3047 (FAX)
email: cstanovich@austinstanovich.com
Web: www.austinstanovich.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
BEVERLY PORT MARINA, INC., and      \*
LESLIE S. RAY INSURANCE             \*
AGENCY, INC.,                       \*   Civil Action No. 1:05-cv-10883-WGY
    plaintiffs,                  \*
v.                                  \*
                                    \*
ACADIA INSURANCE COMPANY            \*
    defendant                    \*
                                    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>PLAINTIFFS' PRELIMINARY EXPERT DISCLOSURE</u>**

In furtherance of the parties Joint Case Management Proposal, the plaintiffs Beverly Port Marina Inc. and Leslie S. Ray Insurance Agency, Inc. hereby make their preliminary expert disclosure, and reserve their right, as comtemplated in the parties' proposal and the scheduling order applicable to this case, to supplement this disclosure as appropriate pending the completion of discovery which is currently ongoing.

Craig Stanovich, CPCU, CIC, AU
34 Pioneer Road
Holden, MA 01520

Mr. Stanovich's qualifications are set forth in the attached Curriculum Vitae, which is incorporated herein by reference.

Mr. Stanovich is expected to testify as to the respective roles and duties of the parties involved with the subject marine insurance policy which was

issued by the insurer, the defendant Acadia Insurance Company, through its agent, Leslie S. Ray Insurance Agency, Inc., to the insured, the plaintiff, Beverly Port Marina, Inc. Mr. Stanovich is expected to testify as to the standards of care applicable to these parties in the context of the subject placement of the marine insurance policy, and the departure from the standard of care on the part of Acadia, with respect to both Leslie Ray and Beverly Port, in connection with its marketing of its marine insurance program, and its underwriting of the particular policy at issue in this case. Mr. Stanovich's testimony is expected to be based on his qualifications as outlined in his attached CV, his experience in the insurance industry, applicable insurance industry standards, and on his review of the discovery materials, pleadings, and documents pertaining to this case. The plaintiffs reserve their right to supplement this response seasonably prior to trial, as compemplated by the current scheduling order.

BEVERLY PORT MARINA, INC. and
LESLIE S. RAY INSURANCE AGENCY, INC.
By its attorneys,

/s/ Stephen D. Eldridge
William D. Chapman, BBO# 551261
Stephen D. Eldridge, BBO# 651855
Melick, Porter & Shea, LLP
28 State Street
Boston MA 02109
(617) 523-6200

Dated: 10/17/05