UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEVERLY PORT MARINA, INC. ) | |
| and LESLIE S. RAY INSURANCE ) | |
| AGENCY, INC., ) | Civil Action No. 1:05-cv-10883-WGY |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | |
| ) | |
| ACADIA INSURANCE COMPANY, ) | |
| ) | |
| Defendant ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

NOW COMES Defendant, Acadia Insurance Company, by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and pursuant to Rule 37.1(B), Local Rules of the United States District Court for the District of Massachusetts, submits the following Memorandum of Law in support of its Motion to Compel Answers to Interrogatories.

**DISCOVERY CONFERENCE**

The parties conferred by telephone on August 16, 2005 for five minutes or less; on September 20, 2005 for five minutes or less; and again on October 6, 2005 by telephone for five minutes or less. On each occasion, counsel for Plaintiffs indicated that the answers to interrogatories would be forthcoming, yet Plaintiffs still have not answered them. Additionally, Defendant's counsel inquired about the delay by e-mail dated September 28, 2005; by e-mail dated October 6, 2005; and by telephone message (never returned) on October 14, 2005.

## NATURE OF CASE

This matter arises out of a claim by Carlos Johnson for personal injury against Plaintiff Beverly Port Marina, Inc. ("BPM") and his subsequent claim against P. Leslie S. Ray Insurance Agency, Inc. ("LRIA") for negligent failure to procure adequate liability insurance for BPM. Defendant had issued certain policies of insurance to BPM at the request of LRIA. In Defendant's declaratory judgment action, *Acadia Insurance Company v. Beverly Port Marina, Inc. and Carlos Johnson v. Leslie S. Ray Insurance Agency, Inc.*, Docket No. 02-CV-10153-WGY, this Court held that Defendant had neither an express nor implied obligation to insure BPM against the claim of Carlos Johnson.

In the pending action, BPM and LRIA filed a thirteen-count complaint alleging, in essence, that though Defendant did not insure BPM against the risk associated with Mr. Johnson's claim, Defendant somehow *should have* insured BPM against that risk. The Court dismissed ten of those thirteen counts for failure to state a valid claim but allowed the remaining three counts to go forward. The matter has been ordered to be placed on the December 2005 trial list.

## INTERROGATORIES

A complete set of Defendant's interrogatories propounded upon BPM and Defendant's interrogatories propounded upon LRIA is attached hereto as Exhibits A and B.

## DEFENDANT'S POSITION

The interrogatories have never been objected to and require full response. Plaintiffs have never asserted otherwise. However, given the very short time left for completing all discovery (November 3, 2005) and for pretrial preparations in advance of trial, it is imperative that Plaintiffs answer the interrogatories *immediately*. Any further delay will

severely prejudice Defendant by compromising its ability to complete discovery and effectively prepare its defense.

Consequently the Court should order Plaintiffs to respond in full to Defendant's interrogatories immediately and to award an appropriate sanction, including payment of Defendant's reasonable expenses incurred in making the motion, including attorney's fees. *See* F.R. Civ. P. 37(a)(4).

Dated at Portland, Maine this 18th day of October, 2005.

ACADIA INSURANCE COMPANY

By its counsel:

/s/   Leonard W. Langer_____

/s/   Marshall J. Tinkle_____
BBO#565513

TOMPKINS, CLOUGH, HIRSHON
  & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME  04112-5060
  (207) 874-6700

## CERTIFICATE OF SERVICE

I, Leonard W. Langer, hereby certify that on October 18, 2005, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send a notification of such filing(s) to the following:  William D. Chapman, Esq., Melick, Porter & Shea, LLP, 28 State Street, Boston, MA  02109 counsel for Plaintiffs Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency.

/s/   Leonard W. Langer_____

Memo in Support of Motion to Compel Discovery

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PORT MARINA, INC. )
and LESLIE S. RAY INSURANCE )
AGENCY, INC., ) Civil Action No. 1:05-cv-10883-WGY
)
)
Plaintiffs )
)
vs. )
)
ACADIA INSURANCE COMPANY, )
)
Defendant )
)

**DEFENDANT'S FIRST SET OF INTERROGATORIES PROPOUNDED
UPON PLAINTIFF BEVERLY PORT MARINA, INC.**

NOW COMES Defendant, Acadia Insurance Company, by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and pursuant to Rule 33, F.R.Civ.P., propounds the following Interrogatories to the Plaintiff Beverly Port Marina, Inc. Please note that Rule 33 requires that the Interrogatories be answered fully and under oath within thirty (30) days from the date of service hereof, and that each Interrogatory be repeated before your Answer. These Interrogatories are deemed to be continuing, and Supplemental Answers are to be filed, if appropriate, under changing conditions.

If privilege is claimed with regard to any of the Interrogatories set forth herein, please furnish the following information with regard to the claim:

i. the precise nature of the privilege claimed;

ii. the reasons for claiming the privilege

     iii.    if the claim of privilege relates to information obtained from a client, informant or witness, please identify the client, informant or witness by full name, home address and business address.

## INTERROGATORIES

1. Please identify each and every person who assisted or participated in any manner in supplying information given in, or relied upon in preparing, answers to these Interrogatories; and for each person so identified, please state the subject matter for which he/she furnished information and state the basis of his/her knowledge.

2. Please identify each and every person who, to your knowledge or to that of your agents, attorneys or employees has knowledge of any of the facts concerning the incidents referred to in the Complaint.

3. Please set forth the substance of any admission by a party or by any alleged representative of a party, and include within your answer the identity of the person making each such admission, the date and time of the admission, and the identities of all persons present at the time of the admission, and identify each and every document which relates in any way to each such admission.

4. Please identify each person who investigated on your behalf the matters which are the subject of this suit and identify each and every document which relates in any way to your answer.

5. Please identify each and every communication, whether written or oral, that any representative of Beverly Port Marina, Inc. had with any officer or employee of Defendant prior to October 1, 2001, including without limitation the date of the communication, the identities of all parties involved in the communication, the substance,

and to the extent feasible, the exact wording of the communication, whether the communication was reduced to writing, and if so, the identity of the custodian of the writing.

6. Please identify each and every document supporting or relating to your answer to the preceding interrogatory.

7. Please identify each and every communication, whether written or oral, that any representative of Beverly Port Marina, Inc. had with any officer or employee of the Leslie S. Ray Insurance Agency, Inc. relating to insurance coverage provided by, or to be provided by, Acadia Insurance Company, including without limitation the date of the communication, the identities of all parties involved in the communication, the substance, and to the extent feasible, the exact wording of the communication, whether the communication was reduced to writing, and if so, the identity of the custodian of the writing.

8. Please identify each and every document supporting or relating to your answer to the preceding interrogatory.

9. Please state the basis, in complete detail, of your claim that Acadia had a duty to use reasonable care in its communications with and representations to Beverly Port Marina and/or its agents with regard to the nature and scope of available marine insurance.

10. Please state the basis, in complete detail, of your claim that Acadia failed to use reasonable care in its communications with and representations to Beverly Port Marina and/or its agents with regard to the nature and scope of available marine insurance.

11. Please state the basis, in complete detail, of your claim that Acadia failed to use reasonable care to underwrite the Beverly Port Marina risk.

12. Please state the basis, in complete detail, of your claim that Acadia failed to use reasonable care in processing and handling claims arising under the Beverly Port Marina policy.

13. If you claim that Acadia Insurance Company made one or more false statements to Beverly Port Marina, please describe in complete detail, including, without limitation, the date the statement or representation was made, the date it was received by Beverly Port Marina, the substance and (to the extent feasible) the exact wording of the statement or representation, the surrounding circumstances, all of the reasons why you claim the statement or representation was false, whether the statement or representation was reduced to writing, and, if so, the identity of the custodian of the writing.

14. Please identify each and every document supporting or relating to your answer to the proceeding interrogatory.

15. If you claim that Acadia Insurance Company made one or more false statements to the Leslie S. Ray Insurance Agency, Inc., please describe in complete detail, including, without limitation, the date the statement or representation was made, the date it was received by the Leslie S. Ray Insurance Agency, Inc., the substance and (to the extent feasible) the exact wording of the statement or representation, the surrounding circumstances, all of the reasons why you claim the statement or representation was false, whether the statement or representation was reduced to writing, and, if so, the identity of the custodian of the writing.

16. Please identify each and every document supporting or relating to your answer to the proceeding interrogatory.

17. For each statement or representation set forth in interrogatory Nos. 13 or 15, please describe in complete detail how Beverly Port Marina relied on it and how such reliance was detrimental to Beverly Port Marina.

18. Please state the full name and address of each and every expert witness you expect to testify at trial, the subject matter on which each such expert is expected to testify, the substance of all facts on which any such expert is expected to rely, the contents of all opinions to which each expert is expected to testify, and a summary of the grounds for each opinion as to which each such expert is expected to testify.

19. Please set forth in detail each and every element of damage which Beverly Port Marina is claiming against Acadia Insurance Company in this matter, setting forth a dollar figure for each element of damage.

Dated at Portland, Maine this 24th day of July, 2005.

ACADIA INSURANCE COMPANY

By its counsel:

/s/ Leonard W. Langer

/s/ Marshall J. Tinkle
BBO#565513

TOMPKINS, CLOUGH, HIRSHON
 & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME 04112-5060
 (207) 874-6700

## CERTIFICATE OF SERVICE

I, Leonard W. Langer, hereby certify that on July 24th, 2005, I electronically served the within document on William D. Chapman, Esq., Esq., Melick, Porter & Shea, LLP, 28 State Street, Boston, MA 02109 counsel for Plaintiffs Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency.

/s/ Leonard W. Langer

Acadia/Bev. Port
Ints to BPM

EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEVERLY PORT MARINA, INC. and LESLIE S. RAY INSURANCE AGENCY, INC., <br><br> Plaintiffs <br><br> vs. <br><br> ACADIA INSURANCE COMPANY, <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:05-cv-10883-WGY |

## DEFENDANT'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON PLAINTIFF LESLIE S. RAY INSURANCE AGENCY, INC.

NOW COMES Defendant, Acadia Insurance Company, by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and pursuant to Rule 33, F.R.Civ.P., propounds the following Interrogatories to the Plaintiff Leslie S. Ray Insurance Agency, Inc. (hereinafter, "LRIA"). Please note that Rule 33 requires that the Interrogatories be answered fully and under oath within thirty (30) days from the date of service hereof, and that each Interrogatory be repeated before your Answer. These Interrogatories are deemed to be continuing, and Supplemental Answers are to be filed, if appropriate, under changing conditions.

If privilege is claimed with regard to any of the Interrogatories set forth herein, please furnish the following information with regard to the claim:

    i.     the precise nature of the privilege claimed;

    ii.    the reasons for claiming the privilege

iii.   if the claim of privilege relates to information obtained from a client, informant or witness, please identify the client, informant or witness by full name, home address and business address.

## INTERROGATORIES

1. Please identify each and every person who assisted or participated in any manner in supplying information given in, or relied upon in preparing, answers to these Interrogatories; and for each person so identified, please state the subject matter for which he/she furnished information and state the basis of his/her knowledge.

2. Please identify each and every person who, to your knowledge or to that of your agents, attorneys or employees has knowledge of any of the facts concerning the incidents referred to in the Complaint.

3. Please set forth the substance of any admission by a party or by any alleged representative of a party, and include within your answer the identity of the person making each such admission, the date and time of the admission, and the identities of all persons present at the time of the admission, and identify each and every document which relates in any way to each such admission.

4. Please identify each person who investigated on your behalf the matters which are the subject of this suit and identify each and every document which relates in any way to your answer.

5. Please identify each and every communication, whether written or oral, that any representative of LRIA had with any officer or employee of Defendant prior to October 1, 2001, including without limitation the date of the communication, the identities of all parties involved in the communication, the substance, and to the extent

feasible, the exact wording of the communication, whether the communication was reduced to writing, and if so, the identity of the custodian of the writing.

6. Please identify each and every document supporting or relating to your answer to the preceding interrogatory.

7. Please identify each and every communication, whether written or oral, that any representative of LRIA had with any officer or employee of Beverly Port Marina, Inc. relating to insurance coverage provided by, or to be provided by, Acadia Insurance Company, including without limitation the date of the communication, the identities of all parties involved in the communication, the substance, and to the extent feasible, the exact wording of the communication, whether the communication was reduced to writing, and if so, the identity of the custodian of the writing.

8. Please identify each and every document supporting or relating to your answer to the preceding interrogatory.

9. Please state the basis, in complete detail, of your claim that Acadia had a duty to LRIA to "use reasonable care in its role as underwriter of marine insurance policies, in its communications with and representations to LRIA" and/or its agents with regard to the nature and scope of available marine insurance.

10. Please state the basis, in complete detail, of your claim that Acadia failed to underwrite the Beverly Port Marina risk with reasonable care.

11. Please state the basis, in complete detail, of your claim that Acadia failed to use reasonable care in processing and handling claims arising under the Beverly Port Marina policy.

12. If you claim that Acadia Insurance Company made one or more false statements to LRIA, please describe in complete detail, including, without limitation, the date the statement or representation was made, the date it was received by LRIA, the substance and (to the extent feasible) the exact wording of the statement or representation, the surrounding circumstances, all of the reasons why you claim the statement or representation was false, whether the statement or representation was reduced to writing, and, if so, the identity of the custodian of the writing.

13. Please identify each and every document supporting or relating to your answer to the proceeding interrogatory.

14. For each representation set forth in interrogatory No. 12, please describe in complete detail how you relied on it to your detriment.

15. Please state the basis, in complete detail, for your claim that Acadia breached its agency agreement with LRIA.

16. Please set forth in detail how Acadia's breach, if any, caused LRIA any damages.

17. Please state the full name and address of each and every expert witness you expect to testify at trial, the subject matter on which each such expert is expected to testify, the substance of all facts to which any such expert is expected to testify, the contents of all opinions to which each expert is expected to testify, and a summary of the grounds for each opinion as to which each such expert is expected to testify.

18. Please set forth in detail each and every element of damage which LRIA is claiming against Acadia Insurance Company in this matter, setting forth a dollar figure for each element of damage.

Dated at Portland, Maine this 24th day of July, 2005.

ACADIA INSURANCE COMPANY

By its counsel:

/s/ Leonard W. Langer

/s/ Marshall J. Tinkle
BBO#565513

TOMPKINS, CLOUGH, HIRSHON
  &amp; LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME 04112-5060
  (207) 874-6700

## CERTIFICATE OF SERVICE

I, Leonard W. Langer, hereby certify that on July 24th, 2005, I electronically served the within document on William D. Chapman, Esq., Melick, Porter & Shea, LLP, 28 State Street, Boston, MA 02109 counsel for Plaintiffs Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency.

/s/ Leonard W. Langer

Acadia/Bev. Port
Ints to LRIA