UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
BEVERLY PORT MARINA, INC., and    \*
LESLIE S. RAY INSURANCE           \*
AGENCY, INC.,                     \*   Civil Action No. 1:05-cv-10883-WGY
   plaintiffs,                   \*
v.                                \*
                                  \*
ACADIA INSURANCE COMPANY          \*
   defendant                     \*
                                  \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
TO EXCLUDE EXPERT TESTIMONY**

**Hearing Requested**

The plaintiffs, Beverly Port Marina, Inc. ("BPM") and Leslie S. Ray Insurance Agency, Inc. ("LRIA"), respectfully request that this Honorable Court deny the defendant's motion to exclude the plaintiffs from offering expert testimony at the trial of this matter. The plaintiffs request a hearing on this motion.

The motion should be denied because:

(a)  The Joint Case Management Proposal (JCMP) does not and did not require a full expert report by September 6, 2005, as defendant suggests, and it was never the plaintiffs' intention to require full expert reports by either party as part of the preliminary expert disclosures;

(b)  The September 6th disclosure date was inserted by plaintiff's counsel based on a good faith (but, in hindsight, mistaken) desire to comply with Fed. Rule Civ. P. 26(a)(2)( c), given the existence of the case being placed on the running trial list for December, 2005;

(c)  It has always been the intention of the defendant, as reflected in the JCMP, that the September 6th date would operate as a preliminary disclosure date (i.e., identify the expert(s)), with the full supplementation (i.e., the report) being due by November 3, 2005;

(d)  To do otherwise - i.e., to have full expert reports due before any discovery was even conducted makes no sense, since experts must rely on facts, and the facts of this matter have not yet been established in discovery , insofar as the parties are presently in the process of completing their written discovery, and taking numerous depositions;

(e)  The defendant did not notify the plaintiffs about their motion in advance of filing it and therefore the motion should be dismissed based on a failure to comply with L. R. 7.1.

By way of further background, the parties filed their JCMP with this Court on July 20, 2005 (attached as Exhibit A), which the Court entered as the Case Management Order on July 21, 2005.  On September 7, 2005, the plaintiffs disclosed the identity of their expert to the defendant by letter dated September 7, 2005 and included a copy of the expert's curriculum vitae. (Exhibit B).   As contemplated by the plaintiffs and the JCMP, a full Disclosure of Expert Testimony in compliance with Fed. R. Civ. P. 26(a)(2)(B) was not required at that time given the fact that both parties' expert disclosure dates were set well before the discovery deadline in this case.  In light of the complexity of issues raised in this case and the depositions to be taken, comprehensive expert reports would not have been feasible within the expert disclosure dates set forth in the JCMP, and thus were not contemplated by the parties in agreeing to those dates.  This is further reflected in the language of the parties' JCMP wherein the parties set November 3, 2005 as the date by which "[e]xpert disclosures and discovery" would be completed.

In this case, the plaintiffs provided the defendant with the name, address, and curriculum vitae of their expert on September 7, 2005.   The September date was suggested by plaintiffs'

counsel based on a good faith, but in hindsight mistaken, attempt to comply with Fed. Rule Civ. P. 26(a)(2)( c), which states, in part, that expert disclosures be made 90 days before trial. This case is on the running trial list for December, 2005, and the September date was inserted in the JCMP as a result. Counsel overlooked the part of the Rule which stated such 90-day disclosure is not necessary if the parties stipulate otherwise, which the JCMP could effectively be. That Rule also has a further disclosure / supplementation period, which in this case is reflected in the November 3d date in the JCMP. Clearly, however, it was never plaintiffs' intention to require a full expert report by September 7th, as such a requirement would make no sense from plaintiffs' perspective.

Subsequently, in a further effort to supplement their preliminary disclosure, the plaintiffs provided the defendant with a further disclosure of their expert's expected testimony on October 17, 2005. (Exhibit C). Ultimately, however, as set forth in the parties' JCMP and incorporated into this Court's Order, a full Disclosure of Expert Testimony pursuant to Fed. R. Civ. P. 26(a)(2)(B) was not and is not due until November 3, 2005, and not on the earlier dates set for expert disclosure.

The purported issue complained about by the defendant is, for all practical purposes, harmless to the defendant. Any report prepared by the plaintiffs' expert would in any event require substantial supplementation following the completion of discovery, based on additional information obtained from that discovery, which is currently ongoing. There is already a date in place, in the future, by which expert reports must be provided. This date is well in advance of the trial date. The plaintiff cannot credibly claim prejudice with respect to the trial, or its position at trial. *Thomas v. Consolidated Rail Corp.*, 169 F.R.D. 1, 2 (1996). The issue complained about by the defendant arises from a disagreement between the parties as to the

meaning of the terms set forth in the Joint Case Management Proposal and should not preclude the plaintiffs offering expert testimony at the trial of this action.

     For the reasons set forth herein, the plaintiffs respectfully request that this Honorable Court deny the defendant's motion to exclude expert testimony. The plaintiffs request a hearing on this motion, insofar as a hearing would assist the court to fully and fairly effectively resolve the instant motion and opposition.

                          LESLIE RAY INSURANCE AGENCY, INC. and
                          BEVERLY PORT MARINA, INC.,
                          By their attorneys,


                          /s/ William D. Chapman
                          William D. Chapman, BBO# 551261
                          Stephen D. Eldridge, BBO# 65185
                          Melick, Porter & Shea, LLP
                          28 State Street
                          Boston MA 02109
                          (617) 523-6200

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | Civil Action No. |
| | \* | 05-CV-10883-WGY |
| | \* | |
| LESLIE S. RAY INSURANCE, | \* | |
| COMPANY, INC. and | \* | |
| BEVERLY PORT MARINA, INC., | \* | |
|   Plaintiffs | \* | |
| vs. | \* | |
| ACADIA INSURANCE COMPANY, | \* | |
|   Defendant | \* | |
| | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

## JOINT CASE MANAGEMENT PROPOSAL

Pursuant to the Court's July 7, 2005 Order and Local Rule 16.1, the parties to the above-captioned action submit their Joint Case Management Proposal:

1. <u>Proposed discovery schedule</u>

    A.  Initial Disclosures required by Fed. R. Civ. P. 26(1) will be served on or before August 16, 2005.

    B.  Discovery to be completed by November 3, 2005:

        i.  The plaintiffs intend to submit written discovery and conduct the depositions of several representatives of Acadia Insurance Company regarding underwriting and marketing issues relative to the type of insurance at issue in this case.

        ii. Defendant intends to submit written discovery and to conduct the depositions of representatives of both Plaintiffs on all issues raised by Plaintiffs' surviving claims. Defendant reserves the right to conduct such other discovery as is it deems necessary and as is

    allowed by the Rules before the discovery deadline.

 C. Plaintiffs' expert disclosure due by September 6, 2005. Defendant's expert disclosure due by October 13, 2005. Expert disclosures and discovery to be completed by November 3, 2005.

2. <u>Proposed motion schedule</u>

 A. All motions under Fed. R. Civ. P. 13, 14, 15, 19, or 20, if any, to be filed by August 16, 2005.

 B. All motions under Fed. R. Civ. P. 56, if any, to be filed by November 30, 2005.

3. <u>Local Rule 16.1(D)(3) certification</u>

Counsel for the parties hereby affirm that they have conferred with their respective clients:

 (a) with a view to establishing a budget for the costs of conducting the full course - and various alternative courses - of the litigation; and

 (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

BEVERLY PORT MARINA, INC. and COMPANY,
LESLIE S. RAY INSURANCE AGENCY, INC.
By its attorneys:

ACADIA INSURANCE

By its attorneys,


s/s Stephen D. Eldridge

William D. Chapman, BBO# 551261
Stephen D. Eldridge, BBO# 651855
Melick, Porter & Shea, LLP
28 State Street
Boston MA 02109
(617) 523-6200


Date: July 20, 2005
2005

s/s Marshall J. Tinkle

Leonard W. Langer, *Pro Hac Vice*
Marshall J. Tinkle, BBO# 565513
Tompkins, Clough, Hirshon &
Langer, P.A.
Three Canal Plaza, P.O. Box 15060
Portland, ME 04112
(207) 874-6700

Date: July 20,

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan E. Kures
Matthew Grygorcewicz
Margaret M. Carleen
Kerry D. Florio
Jessica M. Farrelly *(FL)
Stephen D. Eldridge
Johnathan P. Diggin
Debra I. Lerner *(DC & TX)
Joseph M. Alden *(NH & MD)
Alexandra Clark
Jeremy Y. Weltman
Erin J.M. Alarcon *(NH)
J. Paul Vance (CT Only)

Of Counsel
Thomas W. Porter, Jr.
Robert R. Hamel, Jr.
Donna D. Convicer (CT only)

*Also Admitted

369 South Main Street
Providence, Rhode Island 02903
(401) 941-0909
Fax (401) 941-6269

77 Central Avenue
Waterbury, Connecticut 06702

65 Main Street
Plymouth, Massachusetts 02360
(508) 746-5976

September 7, 2005

**By Fax: 207.874.6705**

Leonard W. Langer
Tompkins, Clough, Hirshon & Langer, PA
Three Canal Plaza
P.O. Box 15060
Portland, ME 04112-5060

Re: *Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency, Inc. v. Acadia Insurance Company*
Civil Action: 05-10883 WGY

Dear Mr. Langer:

Please be advised that the plaintiffs, Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency, Inc., intend to call the following expert witness at the trial of the above-referenced action:

Craig F. Stanovich, CPCU, CIC, AU
Austin & Stanovich Risk Managers, LLC
15 West Street, Suite 204
Douglas, MA 01516

A copy of Mr. Stanovich's curriculum vitae is attached hereto and a copy of his report regarding will be produced upon its completion.

Thank you for your attention to this matter. Please feel free to contact us if you have any question.

Very truly yours,

*Stephen Eldridge*

William D. Chapman
Stephen D. Eldridge

Enclosure
I:\122 Utica\Acadia v. Beverly Port Marina\Misc. Corresp\LT Langer 9.6.05.wpd



CRAIG F. STANOVICH, CPCU, CIC, AU
PRINCIPAL AND CONSULTANT

## EMPLOYMENT HISTORY

***Austin & Stanovich Risk Managers, LLC***
Douglas, MA/Providence RI
May 2002 to Present

***Stanovich Risk Managers, LLC***
Holden, MA
January 2002 to May 2002

***Braley & Wellington Insurance Agency Corp.***
Worcester, MA

Chief Operating Officer
Manage all commercial insurance operations
January 2000 to December 31, 2001

Vice President, Commercial Insurance
November 1988 to January 2000

Account Executive
November 1986 to November 1988

***J.H. Albert International Insurance Advisors, Inc.***
Needham Heights, MA

Assistant Vice President/Senior Consultant
October 1985 to November 1986

Assistant Vice President/Staff Consultant
March 1984 to October 1985

Insurance Analyst
November 1983 to March 1984

***Hanover Insurance Company (Allmerica Insurance)***
Worcester, MA

Senior Staff Underwriter – Commercial Casualty Supervisor
July 1982 to November 1983

Underwriter – Commercial Casualty
September 1978 to July 1982

## Education

*Bridgewater State College*
Bachelor of Science-Education
June 1978

## Risk and Insurance Education

Certified Insurance Counselor Designation (CIC) -1995

Chartered Property and Casualty Underwriter designation (CPCU)-1987

Associate in Underwriting designation (AU)-1982

### Licenses

*Massachusetts Insurance Broker*
November 1987 to present

*Massachusetts Insurance Advisor*
April 1984 to present

## Selected Recent Speaking Engagements

*"Essentials of Legal Liability and the CGL Policy"*
Certified Insurance Counselors

Miami, FL – August, 2005
Albuquerque, NM – February, 2005
Costa Mesa, CA – October, 2004
Boise, ID – October, 2004
Omaha, NE – June, 2004
Mansfield, MA – March, 2004
Des Moines, IA – February, 2004
Jackson, MS – February, 2004

*"Business Auto, Umbrella, Workers' Compensation and Employment Practices Liability"*
Certified Insurance Counselors

New Orleans, LA – May, 2005
Dallas, TX – January, 2005
Chicago, IL – August, 2004
Portsmouth, NH – July, 2004
Macon, GA – June, 2004

James K. Ruble Seminars- Certified Insurance Counselors

Cambridge, MA – August, 2005 - *Legal Concepts for Insurance Professionals*
Falmouth, MA – June, 2005 – *Pollution Liability Coverage in ISO Policies*
Nashville, TN – February, 2005 – *Legal Concepts for Insurance Professionals*
Pittsburgh, PA – May, 2005 - *Pollution Liability Coverage in ISO Policies*
Baton Rouge, LA – October, 2004 - *Pollution Liability Coverage in ISO Policies*
Chicago, IL – August, 2004 - *Pollution Liability Coverage in ISO Policies*

## Insurance/Risk Management Organizations

*Expert Commentator – IRMI.com*
April 2002 to present

Member, *Massachusetts Risk and Insurance Management Society*
January 2002 to present

Member, *National Faculty, Society of Certified Insurance Counselors*
2000 to present

Member, *Massachusetts Society of Licensed Insurance Advisors*
1995 to present

Member, *Society of Certified Insurance Counselors*
1994 to present

Member, *Society of CPCU*
1987 to present

Board of Governors – Society of Certified Insurance Counselors
2005 to present

## Training/Instructor

Chartered Property and Casualty Underwriter
1987 to present

Massachusetts Association of Insurance Agents
1995 to present

## Publications

Books:

- Author – Commercial General Liability (Dearborn Financial Publishing, Inc. 2003)
- Co-author – Terrorism Coverage for Commercial Lines (Dearborn Financial Publishing, Inc. 2003)

Recent Articles:

- Faulty Work and the CGL (International Risk Management Institute 2005)
- CGL – Fire Legal (International Risk Management Institute 2005)
- Subrogation and Risk Management (Risk Management Magazine 2005)
- A Summary of the December, 2004 ISO Policy Changes (International Risk Management Institute 2004)
- How the Limits Apply in the CGL (International Risk Management Institute, Inc. 2004)
- Additional Insured Changes in the CGL (International Risk Management Institute, Inc. 2004)
- Duty to Defend in the CGL Policy (International Risk Management Institute, Inc. 2002)
- Contractual Liability (International Risk Management Institute, Inc. 2002)
- Auto v. Mobile Equipment in the CGL (International Risk Management Institute, Inc. 2003)
- The CGL Pollution Exclusion (International Risk Management Institute, Inc. 2003)
- Known Injury or Damage (International Risk Management Institute, Inc. 2003)
- Some Common Coverage Misconceptions of the CGL Policy (International Risk Management Institute, Inc. 2003)

Additional Articles Provided Upon Requested

## Previous Trial Testimony

- Superior Court of Suffolk County – 2000
- Superior Court of Bristol County – 2004

## Description of Cases Previously Handled Include:

- Questions of reasonable reliance by insurer on underwriting information
- Scope of Classification Limitation and Assault and Battery exclusion on CGL policy
- Scope of coverage provided for lead poisoning exclusion in Business Owners Policy
- Coverage analysis of property damage and business interruption loss caused by damage to utility servicing premises of insured
- The general duties of agents and brokers to their clients, their insurance companies, and to intended beneficiaries (lenders)
- Terms and conditions of premium "rate lock" agreement (Binding Arbitration)
- The extent of coverage provided by manuscript "errors and omissions clause" in a property policy as well as the meaning of "blanket limit"
- Status of an insured, named insured, and additional insured under a CGL policy
- Extent of pollution clean-up coverage provided by CGL policy
- Issues of rating and experience rating commercial automobile policies (Arbitration)
- Duty of agent to notify mortgagee of removal of interest (Federal Court)
- Standard and care of reasonably prudent insurance broker in preparing an application and Certificate of Insurance
- Material misrepresentation in commercial property insurance application (Florida)
- Meaning of Exclusions (m), j.(5), j.(6) and (k) and (l) in the CGL policy (Texas arbitration applying New Jersey Law)

**Contact:**

Craig F. Stanovich, CPCU, CIC, AU
Austin & Stanovich Risk Managers LLC
15 West Street, Suite 204, Douglas, MA 01516
508-476-3347 (Phone) 508-476-3047 (FAX)
email: cstanovich@austinstanovich.com
Web: www.austinstanovich.com

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

369 South Main Street
Providence, Rhode Island 02903
(401) 941-0909
Fax (401) 941-6269

142 Jefferson Street
Hartford, Connecticut 06106
(860) 244-0000

65 Main Street
Plymouth, Massachusetts 02360
(508) 746-5976

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan E. Kures
Matthew Grygorcewicz
Margaret M. Carleen
Kerry D. Florio
Jessica M. Farrelly *(FL)
Stephen D. Eldridge
Johnathan P. Diggin
Debra I. Lerner * (DC & TX)
Joseph M. Alden * (NH & MD)
Alexandra Clark
Jeremy Y. Weltman
Erin J.M. Alarcon *(NH)
J. Paul Vance (CT Only)

Of Counsel
Thomas W. Porter, Jr.
Robert R. Hamel, Jr.
Donna D. Convicer (CT only)

*Also Admitted

## FACSIMILE COVER SHEET

DATE: 9-7-05

RECIPIENT: Leonard Langer

FAX NO.: 207-874-6705

SENDER: Stephen Eldridge

PAGES: 4 including cover sheet

RE: Beverly Port Marina

CONFIDENTIALITY NOTICE:
The information contained in this facsimile message is privileged and confidential and intended only for the use of the individual(s) and/or entity(ies) named above. Any unauthorized disclosure, copying, distribution or taking of any action in reliance of the contents of the telecopied materials is strictly prohibited, and review by any individual other than the intended recipient shall not constitute waiver of the attorney-client privilege. If you have received this transmission in error, please immediately notify us by telephone (collect) to arrange for the return of the materials.

Thank you.

```
*************************************************************
*                      TRANSACTION REPORT                   *
*                      ------------------    SEP-07-2005 WED 04:16 PM
*                                                            P.01
*   FOR:  Melick Porter Shea LLP      6175238130            *
*-----------------------------------------------------------*
*   SEND                                                    *
*   DATE  START    RECEIVER       TX TIME  PAGES TYPE  NOTE          M#  DP
*-----------------------------------------------------------*
*   SEP-07 04:15 PM 12078746705    41"      4   FAX TX   OK          019
*-----------------------------------------------------------*
*                                  TOTAL :  41S  PAGES:  4            *
*************************************************************
```

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

369 South Main Street
Providence, Rhode Island 02903
(401) 941-0909
Fax (401) 941-6269

142 Jefferson Street
Hartford, Connecticut 06106
(860) 244-0000

65 Main Street
Plymouth, Massachusetts 02360
(508) 746-5976

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan B. Kures
Matthew Grygorcewicz
Margaret M. Carleen
Kerry D. Florio
Jessica M. Farrelly *(PL)
Stephen D. Eldridge
Johnathan P. Diggin
Debra I. Lerner * (DC & TX)
Joseph M. Alden * (NH & MD)
Alexandra Clark
Jeremy Y. Wultman
Erin J.M. Alarcon *(NH)
J. Paul Vance (CT Only)

Of Counsel
Thomas W. Porter, Jr.
Robert R. Hamel, Jr.
Donna D. Convicer (CT only)

## FACSIMILE COVER SHEET

DATE: 9-7-05

RECIPIENT: Leonard Langer

FAX NO.: 207-874-6705

SENDER: Stephen Eldridge

PAGES: 4   including cover sheet

RE: Beverly Port Marina

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
BEVERLY PORT MARINA, INC., and              *
LESLIE S. RAY INSURANCE                     *
AGENCY, INC.,                               *   Civil Action No. 1:05-cv-10883-WGY
       plaintiffs,                          *
v.                                          *
                                            *
ACADIA INSURANCE COMPANY                    *
       defendant                            *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

## PLAINTIFFS' PRELIMINARY EXPERT DISCLOSURE

In furtherance of the parties Joint Case Management Proposal, the plaintiffs Beverly Port Marina Inc. and Leslie S. Ray Insurance Agency, Inc. hereby make their preliminary expert disclosure, and reserve their right, as comtemplated in the parties' proposal and the scheduling order applicable to this case, to supplement this disclosure as appropriate pending the completion of discovery which is currently ongoing.

Craig Stanovich, CPCU, CIC, AU
34 Pioneer Road
Holden, MA 01520

Mr. Stanovich's qualifications are set forth in the attached Curriculum Vitae, which is incorporated herein by reference.

Mr. Stanovich is expected to testify as to the respective roles and duties of the parties involved with the subject marine insurance policy which was issued by the insurer, the defendant Acadia Insurance Company, through its agent, Leslie S. Ray Insurance Agency, Inc., to the insured,

the plaintiff, Beverly Port Marina, Inc. Mr. Stanovich is expected to testify as to the standards of care applicable to these parties in the context of the subject placement of the marine insurance policy, and the departure from the standard of care on the part of Acadia, with respect to both Leslie Ray and Beverly Port, in connection with its marketing of its marine insurance program, and its underwriting of the particular policy at issue in this case. Mr. Stanovich's testimony is expected to be based on his qualifications as outlined in his attached CV, his experience in the insurance industry, applicable insurance industry standards, and on his review of the discovery materials, pleadings, and documents pertaining to this case. The plaintiffs reserve their right to supplement this response seasonably prior to trial, as compemplated by the current scheduling order.

> BEVERLY PORT MARINA, INC. and
> LESLIE S. RAY INSURANCE AGENCY, INC.
> By its attorneys,
>
>
> /s/ Stephen D. Eldridge
> William D. Chapman, BBO# 551261
> Stephen D. Eldridge, BBO# 651855
> Melick, Porter & Shea, LLP
> 28 State Street
> Boston MA 02109
> (617) 523-6200

Dated: 10/17/05