UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEVERLY PORT MARINA, INC.       ) <br> and LESLIE S. RAY INSURANCE  ) <br> AGENCY, INC.,                              ) <br>                       Plaintiffs    ) <br>                                 ) <br> vs.                                    ) <br>                                 ) <br> ACADIA INSURANCE COMPANY,  ) <br>                                 ) <br>                     Defendant   ) <br>                                 ) | Civil Action No. 1:05-cv-10883-WGY |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S BILL OF COSTS

NOW COMES Defendant Acadia Insurance Company, by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and pursuant to Rule 54, F.R.Civ.P., submits the following Memorandum of Law in Support of Defendant's Bill of Costs.

Title 18 U.S.C.A. § 1920(2) allows a prevailing party to recover "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case". The First Circuit Court of Appeals has construed that provision to allow recovery of costs for depositions either introduced in evidence or used at trial, and further provides the District Court discretion to tax deposition costs if special circumstances warrant, even though the depositions were not put into evidence or used at trial. See, Templeman v. Chris Craft Corporation, 770 F.2d 245 (1st Cir. 1985); Walters v. The President and Fellows of Harvard College, 692 F. Supp. 1440 (D. Ma. 1988). When applied to the depositions set forth in Defendant's Bill of Costs, it is clear that all such costs are recoverable.

All of the depositions covered by Defendant's Bill of Costs were relied upon by either Defendant Acadia Insurance Company or Plaintiffs Beverly Port Marina, Inc. and The Leslie R. Ray Insurance Agency, Inc. in their Statement of Material Facts in support of, or in opposition to, Defendant's Motion for Summary Judgment. As such, they were "necessarily obtained for use in the case."

For the reasons set forth above, Defendant Acadia Insurance Company respectfully requests that this Court enter an Order granting Defendant its costs as set forth in the accompanying Bill of Costs.

Dated at Portland, Maine this 23rd day of February, 2006.

        ACADIA INSURANCE COMPANY

        By its counsel:

        /s/   Leonard W. Langer_____

        /s/   Marshall J. Tinkle_____
        (BBO# 565513)

TOMPKINS, CLOUGH, HIRSHON
  & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME  04112-5060
  (207) 874-6700
lwlanger@tchl.com

## CERTIFICATE OF SERVICE

      I, Leonard W. Langer, hereby certify that on February 23, 2006, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send a notification of such filing(s) to the following:  William D. Chapman, Esq., Melick, Porter & Shea, LLP, 28 State Street, Boston, MA  02109 counsel for Plaintiffs Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency.

      /s/   Leonard W. Langer_____

Acadia/BPM-LRIA
Memo Re Bill of Costs

3