UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
BEVERLY PORT MARINA, INC., and         \*
LESLIE S. RAY INSURANCE AGENCY, INC.,  \*
\*
    Plaintiffs,                     \*
v.                                     \*
\*
ACADIA INSURANCE COMPANY,              \*
\*
    Defendant.                      \*
\*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

    1:05-cv-10883-WGY

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR COSTS**

Plaintiffs oppose defendant's motion for costs. The court did not order an award of costs in allowing defendant Acadia's summary judgment motion. Acadia then waived any right it may have had to costs when it failed to file a motion within fourteen (14) days as required by Fed. R. Civ. P. 54(d)(2)(B). Further, Acadia failed to establish that costs are warranted where the deposition transcripts were not introduced in evidence or used at trial and there is no claim that "special circumstances" warrant costs here. *See Templeman v. Chris Craft Corp.,* 770 F.2d 245 (1st Cir.1985). Acadia's own motion reflects an acknowledgment of the proper legal standard, and then not only a failure to meet it, but a failure to even attempt to meet it. Finally, to the extent that Acadia seeks costs for depositions *which were not even taken in this case*[1], Acadia's effort borders on bad faith, and the defendants should be awarded their reasonable costs and fees

---

[1] In its papers, Acadia seeks recovery of $1,531.20 for three depositions - Frank Kinzie (deposed 1-9-04) Sue Kinzie (deposed 12-5-03), and David Ray (deposed 12-4-03) taken in a *prior case* in which Acadia was the plaintiff (*Acadia v. Beverly Port Marina, Inc., 02 CV 10153*).

incurred in having to oppose this motion.

Federal Rule of Civil Procedure 54(d)(2)(B) states that "unless otherwise provided by statute or order of the court, the motion [for costs] must be filed no later than 14 days after entry of judgment..." Acadia moves for costs pursuant to 28 U.S.C.A. 1920(2), which does not provide an alternative time period within which to file a motion. The Advisory Notes accompanying Federal Rule of Civil Procedure 54(d)(2)(B) state that this strict time period is designed to force parties to file their motion <u>before</u> the period within which to file an appeal expires. The Advisory Committee's Notes state:

> Subparagraph (B) provides a deadline for motions for attorneys' fees--14 days after final judgment unless the court or a statute specifies some other time. *One purpose of this provision is to assure that the opposing party is informed of the claim before the time for appeal has elapsed....* In many nonjury cases the court will want to consider attorneys' fee issues immediately after rendering its judgment on the merits of the case....
>
> Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case.
>
> Fed. R. Civ. P. 54 advisory committee's notes, 1993 amendments (emphasis added).

Judgment entered on January 11, 2006. Fed. R. Civ. P. 54(d) requires that Acadia's motion for costs have been filed on or before January 25, 2006. Now, on February 23, 2006, over a month after judgment, Acadia moves for costs. This motion is untimely and should be denied.

In addition to failing to comply with the strict time period within which to file motions like Acadia's, the defendant failed to even claim, let alone offer any evidence to support a claim, that "special circumstances" warrant the award of costs here. *Templeman v. Chris Craft Corp.*, 770 F.2d 245; *Walters v. The Presidents and Fellows of Harvard College*, 692 F. Supp. 1440, 1442-43

(D. Mass. 1988). The Court of Appeals for the First Circuit has set forth guideposts for determining when an award under this subsection may be obtained. In *Templeman v. Chris Craft Corp.,* the First Circuit held that prevailing parties are entitled to reimbursement for costs for the deposition of witnesses when those depositions were introduced into evidence at trial, or used at trial. *Id.* at 248-49. This provision is not applicable here as judgment entered following a hearing on defendant's motion for summary judgment.

The district court may, in its discretion, tax deposition costs if "special circumstances warrant" it. *Walters v. The Presidents and Fellows of Harvard College*, 692 F. Supp. 1440, 1442-43 (holding that plaintiff failed to demonstrate any special circumstances warranting the recovery of the subject costs); *see also Neles-Jamesbury, Inc., v. Fisher Controls Int'l, Inc.,* 140 F.Supp.2d 104 (D. Mass. 2001); *Imperial Arrow Associated Services of Rhode Island v. Peerless Ins. Co. of Keene, N.H.,* 2002 WL 32105766, *2(D.R.I. 2002).

The district court in *Walters* specifically notes that the rule in the First Circuit is that the cost of depositions is taxable if they are either introduced into evidence or used at trial - a rule that differs from the "reasonably necessary" rule of other courts. *Id.* at 1442. The prevailing party must demonstrate "special circumstances" for the award of cost of depositions[2]. *See Ramos v. Davis & Geck, Inc.*, 968 F.Supp. 765 781 -782 (D. Puerto Rico 1997) (denying request for deposition costs where prevailing party failed to show "special circumstances"); *Donnelly v. Rhode Island Bd. of Governors for Higher Educ.*, 946 F. Supp. 147, 152 (D. R.I. 1996) (finding no special circumstances where transcripts were neither used at trial nor part of trial preparation).

---

[2] Thus, Acadia misrepresents the applicable standard when, rather than trying to argue that "special circumstances" exist, it contends it is entitled to costs for depositions which were "necessarily obtained for use in this case".

Acadia then takes its non-complying motion into the realm of bad faith by seeking costs associated with three depositions which were not even taken in this case. As noted, Acadia seeks recovery of $1,531.20 for three depositions - Frank Kinzie (deposed 1-9-04) Sue Kinzie (deposed 12-5-03), and David Ray (deposed 12-4-03) taken in a *prior case* in which Acadia was the plaintiff (*Acadia v. Beverly Port Marina, Inc., 02 CV 10153*). This attempt is clearly outside the scope and intent of Rule 54, and should offend the court.

Here, despite acknowledging the First Circuit standard for recovery of costs, Acadia seeks to recover costs for transcripts relied upon in Defendant's Motion for Summary Judgment without stating any "special circumstances" whatsoever to warrant the award of costs in this case. There are no such special circumstances. The parties took several depositions, as projected during the initial scheduling conference, to explore the issues associated with the plaintiffs' claims against Acadia. Needless to say, the three depositions taken in the prior action were not taken with respect to these claims, since the action had not yet been filed and did not yet exist. Without such "special circumstances," and particularly given Acadia's attempt to recover costs from *another action* by this motion, Acadia's motion must be denied and reasonable attorneys' fees and costs should be awarded to the plaintiffs for having to oppose this frivolous motion.

WHEREFORE, Acadia's motion and Memorandum of Law in Support of Defendant's Bill of Cost must be denied for failure to comply with the time requirement of Fed. R. Civ. P. 54(d) and failure to set-forth any support whatsoever that the pedestrian nature of this Judgment rises to the "special circumstances" that warrant the award of costs, and per the above the plaintiffs should be awarded their reasonable attorneys' fees and costs incurred in opposing this motion .

        Beverly Port Marina, Inc., and
Leslie Ray Insurance Agency, Inc.
By their attorney:

/s/ Kerry D. Florio
William D. Chapman, BBO# 551261
Kerry D. Florio, BBO #647489
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109
(617) 523-6200

Date: March 6, 2006