UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEVERLY PORT MARINA, INC. ) <br> and LESLIE S. RAY INSURANCE ) <br> AGENCY, INC., ) <br> ) <br> Plaintiffs ) <br> ) <br> vs. ) <br> ) <br> ACADIA INSURANCE COMPANY, ) <br> ) <br> Defendant ) | Civil Action No. 1:05-cv-10883-WGY |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S BILL OF COSTS**

NOW COMES Defendant Acadia Insurance Company by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and submits the following Reply Memorandum in support of its Bill of Costs.

In their procedurally questionable[1] Opposition to Acadia's Bill of Costs, Plaintiffs argue that the Court did not order an award of costs, that Acadia waived any right to costs, and that the costs of depositions used in evidence are not taxable as costs. All of these arguments are devoid of merit.

First, the fact that the Court's judgment in favor of Acadia did not specifically mention costs has no bearing on Acadia's right to costs. Costs are to be allowed "as of course" to the prevailing party. *See* F.R.Civ. P. 54(d)(1). A judgment silent as to costs is thus presumed to allow costs. 10 *Moore's Federal Practice* §54.101[1][a] at 54-151 (3d Ed. 2005); *See Congregation of Passion v. Touche, Ross & Co.*, 854 F.2d 219, 221 (7th Cir. 1988).

---

[1] *See* Acadia's accompanying Motion for Leave to File Reply Memorandum.

Second, Plaintiff's waiver argument confuses the bill of costs with a motion for attorney's fees. The rule cited by Plaintiffs, stating that a motion for attorney's fees is to be filed within fourteen days after entry of judgment, is clearly confined to claims for attorneys' fees and "related *non*taxable expenses." F.R. Civ. P. 54(d)(2)(emphasis supplied). Nothing in this provision applies to bills of costs. The provision of the rule relating to costs, by contrast, provides no time limit for filing a bill of costs. F.R. Civ. P. 54(d)(1); *see Moore's Federal Practice* §54.100[1][a] at 54-140. It is considered entirely proper to wait until the appeal period has expired before filing a bill of costs, as Acadia did here. *See, e.g., Congregation of Passion,* 854 F.2d at 221; *Moore's Federal Practice* §54.100[1][a].[2]

Finally, Acadia is entitled to the costs of depositions introduced into evidence. Plaintiffs do not and cannot dispute that each of the depositions listed by Acadia were cited by Acadia and/or were submitted to the Court in connection with Acadia's summary judgment motion. It is well settled that the costs of such depositions are taxable. *See,* e.*g., Tempeleman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir.), *cert. den'd,* 474 U.S. 1021 (1985); *West Wind Africa Line, Ltd. v. Corpus Christi Marine Services* Co., 834 F.2d 1232, 1236-38 (5th Cir. 1988); *SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 943-44 (7th Cir. 1988), *cert. den'd*, 492 U.S. 918 (1989); *Alfex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 177-78 (9th Cir. 1990), *cert. den'd*, 502 U.S. 812 (1991). The statutory basis for such an award include the provisions allowing the following:

---

[2] Some courts' local rules affirmatively require the prevailing party to wait until the expiration of the appeal period before filing a bill of costs. *See, e.g*., Maine Local Rule 54.3 (bills of costs to be filed "within thirty (30) days of the expiration of the time for filing a timely appeal if no notice of appeal has been filed or within 30 days of the filing of the appellate mandate…"); New Hampshire Local Rule 54.1(a) (bill of costs to be served "within twenty (20) days after the time for appeal has expired or within twenty (20) days after the issuance of the mandate of the appellate court"). The local rule on bills of costs in this District has been abrogated.

>   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
>   Fees and disbursements for printing and witnesses; [and]
>
>   Fees for exemplification and copies of papers necessarily obtained for use in the case.

28 U.S.C. §1920(2), (3), (4); *see generally Moore's Federal Practice* §54.103[3][c] at 54-180.

The fact that the depositions were used in obtaining summary judgment makes them no less necessary for use in this case than if they had been used at trial. *See Gochis v. Allstate Insurance Co.*, 162 F.R.D. 248 (D. Mass. 1995) (*per* Young, J.) (awarding costs of $7, 539.30 for fifteen depositions to an insurance company that prevailed on summary judgment). Moreover, in the unlikely event that summary judgment had been denied, Acadia would have needed to use each of these depositions in preparing for trial. Unlike the *Gochis* case, *supra*, Acadia's citations to these depositions were neither cumulative nor repetitious.

Contrary to Plaintiffs' unsupported assertion, there is no reason that three of the depositions taken in the related declaratory judgment action should not be taxable here. Acadia repeatedly referred to these depositions in support of its motion for summary judgment against Plaintiffs. Copies of these depositions were thus necessary for use in this case. *See* 28 USC §1920(4). The costs sought in connection with these depositions are not for the taking or transcribing of the depositions (Acadia did not take them) but simply for obtaining copies. If Acadia had had to retake the depositions of the Kinzies in the instant matter, the taxable costs would have been considerably higher. Furthermore, Acadia did not bother to file a bill of costs in the declaratory judgment action, and therefore Plaintiffs cannot complain of being taxed twice for the same deposition costs.

It should be noted that the costs Acadia is seeking represent only a small fraction of the total legal fees Acadia has had to incur in defending against Plaintiff's meritless claims. These costs are clearly allowable and should be awarded by the Court.

For the foregoing reasons, the Court should allow the costs set forth in Acadia's Bill of Costs in their entirety.

Dated at Portland, Maine this 9th day of March, 2006.

ACADIA INSURANCE COMPANY

By its counsel:

/s/   Leonard W. Langer

/s/   Marshall J. Tinkle
BBO#565513

TOMPKINS, CLOUGH, HIRSHON
  & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME  04112-5060
  (207) 874-6700
lwlanger@tchl.com

**CERTIFICATE OF SERVICE**

I, Leonard W. Langer, hereby certify that on March 9, 2006, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send a notification of such filing(s) to the following:  William D. Chapman, Esq., Melick, Porter & Shea, LLP, 28 State Street, Boston, MA  02109 counsel for Plaintiffs Beverly Port Marina, Inc. and Leslie S. Ray Insurance Agency.

/s/   Leonard W. Langer

Acadia/Bev Port
Reply Memo. in Support of Def. Bill of Costs

4